---

### Eve *et al. vs.* Cross, administrator.

1. *Semble* that an action could be brought by a wife to recover for herself and minor children property which had been set apart to her husband as a homestead, although he was in life at the time of the commencement of the action and at the time of the trial.

(*a.*) If the abstract of title was not sufficiently full in not showing to whom the homestead was set apart, it would have been made clear

by the introduction of the record, and there was no material variance between the proof and the pleadings.

2. If the husband should have been joined as a plaintiff, he could have been made a party plaintiff by amendment. This would not be adding a new and distinct party or a new and distinct cause of action.

March 30, 1886.

Parties. Homestead. Amendment. Before Judge CARSWELL. Emanuel Superior Court. November Term, 1885.

Reported in the decision.

JOSIAH HOLLAND; BLACK, DELL & WADE, by HARRISON & PEEPLES, for plaintiff in error.

JAMES K. HINES, for defendant.

HALL, Justice.

This was a statutory action brought by the wife to recover for herself and minor children the premises which had been set apart as a homestead to her husband, who was in life at the commencement of the suit and at the trial, for the benefit of his family. On motion of defendant's counsel, the court ordered the case to be dismissed, on the ground that the suit should have been brought in the name of the husband as the head of the family to whom the homestead was assigned, and not in the name of the wife, who sues for herself and as next friend of the minor children. Before this order was passed, the plaintiff moved to amend by making the husband a party to the suit, as next friend for herself and her children. This amendment was refused.

It is now contended that the suit, as originally brought, was maintainable; but if it was not, it was amendable, and should have been amended in accordance with the plaintiff's motion.

1. We are inclined to think that, inasmuch as the wife and minor children were the beneficiaries of this homestead and entitled to its possession and income, they might have maintained this action in their own names without joining the father and head of the family as a party plaintiff. They certainly had the right of possession, and the defendant was presumably a mere wrong-doer; at least, in the absence of evidence to the contrary, it could not be assumed that he was the rightful possessor; this was the issue made by the pleadings, and should have been found by the jury. The abstract of title attached to the writ was, perhaps, not so full and specific as it should have been, inasmuch as it did not show to whom the homestead was set apart, but the production of the record, to which it unmistakably referred, would have developed this fact. It showed the premises on which the homestead was laid, the court which assigned it, and the date of its assignment. What was somewhat ambiguous would have been made certain by the production of the proceedings or the exemplification of the same. . Between this proof and the pleadings there was not necessarily any material variance, at least no such variance as could not have been remedied by an amendment, which would have made it conform substantially to the other allegations of the declaration.

As to the right of the original parties to maintain the action, see 67 *Ga.*, 368; 61 *Id.*, 501; *Glover et al. vs. Stamps et al.*, 73 *Ga.*, 209; *Braswell & Son vs. McDaniel*, 74 *Id.*, 2.

2. But even if the husband should have joined as a plaintiff, he could have been made such by amendment, and the offer to amend in this respect should not have been rejected. There was surely enough in these pleadings to amend by, and that being the case, the right to amend the "pleadings in all respects, whether in matter of form or substance," is expressly given. Code, §3479. It is, we think, a mistake that this amendment would have added a new and distinct cause of action or a new and distinct party, where

such an amendment was not expressly provided for by law. *Id.*, §3480. There was no proposition to introduce any other cause of action than that set out in the declaration, nor to introduce any person as a party who appeared to be disconnected from that cause of action, or who had any interest distinct or separate from the plaintiffs; its whole purpose in these particulars was to render complete a defective statement of the case and the parties necessary to its perfection.

Pleadings may be amended by striking from the declaration the representative character in which a party or parties sue or are sued, or where the action is in the name of an individual, his representative character may be added. *Ib.*, §3487, and citations. And when it becomes necessary for the purpose of enforcing the rights of a plaintiff, he may amend by substituting the name of another in his stead, suing for his use. *Id.*, §3486, and citations.

Judgment reversed.