to be against the verdict, yet where there is enough to support the finding and the presiding judge refuses to grant a new trial on the ground that the verdict is contrary to law and evidence, this court will not interfere to control his discretion.

Judgment affirmed.

J. J. Abrams, for plaintiff in error.

Lester & Ravenel, for defendant.

---

### GROVENSTEIN, EXECUTOR, vs. BREWER.

DEBT FROM EFFINGHAM. Evidence. Contracts. Promissory Notes. (Before Judge Adams.)

Hall, J.—Where suit was brought on an instrument under seal which bound the defendant in a certain manner and a certain time to pay the plaintiff for certain timber, and pending the cause the plaintiff died and his executor was made a party; and where, on the trial the instrument sued on was tendered in evidence, together with an account of the timber cut and the amount due therefor and a receipt written thereon for "payment in full up to date, including a note given on twenty days' time" and signed by the decedent, and also a note for the amount shown to be due by the account; and where it was shown that the account and receipt except the signature was in the handwriting of the defendant, and that the note bore his signature:

Held that the note was admissible in evidence to show that the amount for which it was given had not been paid.

Judgment reversed.

J. G. & D. H. Clark, for plaintiff in error.

Lester & Ravenel, for defendant.

---

### EVE vs. CROSS, ADMINISTRATOR.

EJECTMENT, FROM EMANUEL. Parties. Homestead. Amendment. (Before Judge Carswell.)

Hall, J. I—Semble that an action could be brought by a wife to recover for herself and minor children property which had been set apart to her husband as a homestead, although he was in life at the time of the commencement of the action and at the time of the trial. 67 Ga., 368; 61 Id., 501; Glover et. al. vs. Stamps et. al , and Braswell & Son vs. McDaniel, (Sept. Term, 1884.)

(a.) If the abstract of title was not sufficiently full in not showing to whom the homestead was set apart, it would have been made clear

by the introduction of the record, and there was no material variance between the proof and the pleadings.

2. If the husband should have been joined as a plaintiff, he could have been made a party plaintiff by amendment. This would not be adding a new and distinct party or a new and distinct cause of action. Code, §§3479, 3480, 3487 and cit., 3486 and cit.

Judgment reversed.

Josiah Holland; Black, Dell & Wade, by Harrison & Peeples, for plaintiff in error.

James K. Hines, for defendant.

---

### McWatty *vs.* Jefferson County.

CLAIM, FROM JEFFERSON. Homestead. Tax. Officers. Principle and Surety. County Matters. (Before Judge Carswell.)

Hall, J.—Where an execution has been issued against a defaulting county treasurer and his sureties for funds belong to the county in his hands, such execution will subject a homestead set apart to a surety of the treasurer. Code §§5210, 5211, 2002; 66 Ga., 199.

(a) The great bulk of the county revenue in the hands of the county treasurer arises from taxes; and if an execution issued against him and his sureties includes other funds than those from taxes, it could have been shown by them from his accounts. Code, §§528, 551, 552, subsecs. 1, 2, 509 525, 553, sub secs. 5 9.

Judgment affirmed.

W. L. Phillips, for plaintiff in error.

Gamble & Hunter, for defendant.

---

### Lorillard & Co. *vs.* Barrett & McMaster.

ATTACHMENT AND CLAIM, FROM CITY COURT OF RICHMOND COUNTY. (Before Judge Eve.)

Blandford, J.—Under §3293 of the Code, an attachment cannot issue until the debt is due, and where it was not so alleged, there was no error in dismissing the attachment. Acts 1871-2, p. 44; Acts 1878 9, p. 48; 52 Ga., 333

Judgment affirmed.

J. S. Hook, for plaintiffs in error.

J. S. & W. T. Davidson, for defendant.