## 26399. WALLACE *et al. v.* BRANNEN.

Decided October 27, 1937. Rehearing denied December 9, 1937.

*T. W. Mattox,* for plaintiffs.
*Bryan, Middlebrooks & Carter, John T. Coyle, John A. Dunaway,* for defendant.

Stephens, P. J. This is a suit brought by N. W. Wallace, for himself and as next friend for several named minor children of the petitioner and his wife, against Dr. C. C. Brannen, to recover

for the homicide of the wife, alleged to have been caused by the negligence of the defendant when rendering to the wife services as a physician. The suit was brought within the statutory period of limitation. After the expiration of this period the plaintiffs offered an amendment to the petition, adding as a party plaintiff another child of the petitioner Wallace and his wife, a married woman over twenty-one years of age, who was omitted from the original petition as a party. With the addition of this child as a party, the husband and *all* of the surviving children of the deceased would be parties plaintiff. The amendment was objected to by the defendant on the ground that it added a new cause of action and a new and distinct party, and that the cause of action as to the party plaintiff sought to be allowed by the amendment was barred by the statute of limitations. The court rejected and disallowed the amendment, and sustained a general demurrer dismissing the action on the ground that the petition set forth no cause of action. The plaintiffs excepted to the rulings rejecting and disallowing the amendment and to the sustaining of the general demurrer.

■ "No amendment adding a new and distinct cause of action or new and distinct parties shall be allowed unless expressly provided for by law." Code, § 81-1303. Only the addition of "a new and distinct" party by amendment is by this Code section prohibited. The mere addition, by amendment, of a party who was not a party to the original suit is not alone objectionable. The prohibition embraced in this section against the addition of a party to a case by amendment has reference only to the addition or substitution, by amendment, of a party who is foreign to the case. It has no reference to the addition by amendment of a party who should have been a party originally to the case and whose presence in the case, together with the original parties, would not constitute a misjoinder of parties. In *Eve* v. *Cross, 76 Ga.* 693, 696, where a wife brought an action to recover, for herself and minor children, premises which had been set aside as a homestead to her husband for the benefit of the family, and the husband was still in life, it was held that the husband could properly be made a party plaintiff by amendment, and that this did not add a new and distinct party or a new and distinct cause of action. As stated by Hall, Justice, in that case, "There was no proposition to intro-

duce any other cause of action than that set out in the declaration, nor to introduce any person as a party who appeared to be disconnected from that cause of action, or who had any interest distinct or separate from the plaintiffs; its whole purpose in these particulars was to render complete a defective statement of the case and the parties necessary to is perfection." To the same effect is *Taylor* v. *James*, 109 *Ga.* 327 (4) (34 S. E. 674). In that case it was held further that where the suit, which was brought in the name of the beneficiaries only, without the husband as head of the family being joined as party plaintiff, was brought within the period of limitation, an amendment to the petition which added the husband as head of the family as a party plaintiff related to the beginning of the suit, and that the suit stood as if it had been originally brought in the name of the husband, and that the purchaser of the homestead property acquired no title thereto by prescription by virtue of the failure of the husband to be made a party to the suit within the period of limitation.

■ The right of action for the homicide of the deceased wife vests in the plaintiff husband surviving and their surviving children, who must "sue jointly and not separately," with the right to recover the full value of the life of the deceased. Code, § 105-1306. With the allowance of the proffered amendment the husband and all the surviving children would have been parties plaintiff. The right of action for the homicide of the decedent was in them. It was obligatory on them as plaintiffs, as provided by the statute, to sue jointly and not separately. If the child whom the plaintiffs sought by amendment to make a party together with the original plaintiffs was a necessary party plaintiff and should have been joined as a plaintiff together with the other plaintiffs in the original suit, the amendment, in seeking to make her a party plaintiff, was not objectionable as adding a new and distinct cause of action or new and distinct parties. Nor was the cause of action as to this party or as to the other parties plaintiff barred by the statute of limitation on the ground that the period of limitation for the institution of the suit, which was filed within the period, had expired before the proffering of the amendment adding the additional party plaintiff.

■ Whether actionable negligence against the defendant is set out in the petition as amended is not discussed or touched upon

by counsel for either party. Without going into the details of the allegations, it is sufficient to state that in the petition as amended facts are alleged from which the jury could infer that the defendant, who treated the deceased professionally as a practicing physician, was negligent in his treatment, and that such negligence proximately caused the death. The court erred in disallowing and rejecting the proffered amendment, and in sustaining the general demurrer to the petition.

*Judgment reversed.* *Sutton and Felton, JJ., concur.*