ATKINSON *v.* FIDELITY & CASUALTY CO. *et al.*
HARTFORD ACCIDENT & INDEMNITY CO. *v.* FIDELITY & CASUALTY CO. *et al.*

Nos. 12581, 12582. January 12, 1939. Rehearing denied February 18, 1939.

594

*Gunn & Hardell* and *Chauncey Middlebrooks,* for Atkinson.

*Mathews & Mathews* and *Neely, Marshall & Greene,* for Hartford Accident & Indemnity Company.

*Harris, Harris, Russell & Weaver* and *John M. Slaton,* for Fidelity & Casualty Company.

DUCKWORTH, Justice. ■ The judgment complained of in the bill of exceptions in case No. 12581—the judgment dismissing Atkinson's amendment making himself a party plaintiff instead of a party defendant, and to recover against Patterson and his liability insurer to the full extent of his injuries (allegedly $50,000)—was a final judgment as to Atkinson, reviewable by direct bill of exceptions under the Code, § 6-701. Therefore the motion to dismiss the writ of error on that bill of exceptions, on the alleged ground that that judgment was not final, is denied.

■ The plaintiff in error, Atkinson, relies upon this court's decision in *Hartford Accident & Indemnity Co.* v. *Fidelity & Casualty Co.,* supra. He says that this court in that decision held, in effect, that the compensation-insurance carrier could prevent the tort-feasor, or third party, from making a settlement for the injuries to the employee, and therefore could establish its claim against said third party, so as to protect its claim under the subrogation features of the workman's compensation act, and that the Fidelity & Casualty Company, acting for its assured, Patterson, could not obtain a release from the injured employee, so as to deprive the employee and the compensation-insurance carrier of their rights to determine the legal liability of Patterson (the third party) for injuries to Atkinson; that any settlement should have been enjoined; and that the compensation-insurance carrier should have been allowed (if it could) to establish the legal liability of Patterson, the third party, to the extent of the workman's compensation it would be called upon to pay to the injured employee. He relies particularly upon the following language from that decision: "In such a suit, properly brought, the legal liability of the tort-feasor may be judicially determined. It would be futile, however, unless the tort-feasor and the employee (by the demurrer admittedly insolvent) should be enjoined from making a complete voluntary settlement. This suit is in equity against both the tort-feasor and his liability insurer, the Fidelity & Casualty Company of New York, praying for injunction against payment by the defendants of the money that they have agreed to pay to the injured employee,

and for general relief. The latter prayer is broad enough to permit a judgment on the question of legal liability of the tort-feasor."

The defendants in error, on the other hand, interpret that decision as limiting the amount recoverable to $800, laying special stress upon the following language therein: "The one question for adjudication is whether or not a compensation carrier claiming subrogation under the Code, § 114-403, may prevent the consummation of a settlement between an injured employee and a third person tort-feasor, by enjoining the payment of the agreed consideration for the settlement, and impound such fund in court pending the outcome of a suit by the compensation carrier against the employee and the tort-feasor, or either of them." In their brief they say: "The questions for adjudication were those questions made by the plaintiff's pleadings. The court would not go outside of the record to create a case for adjudication. The Hartford Company sought to impound a fund in court which was the fruit of a voluntary agreement, and sue the tort-feasor and the injured employee for the recovery of this fund. The language of the decision in the latter part of the quotation indicates the trend of the Justice's mind in outlining the issues. We quote that language: 'and impound such fund in court pending the outcome of a suit by the compensation carrier against the employee and the tort-feasor, or *either of them.*' The Hartford Company was paying compensation to the injured employee, Atkinson. Atkinson had settled his claim with Patterson and the Fidelity & Casualty Company, the liability-insurance carrier for Patterson. A check had been issued in payment of the consideration of the settlement and was en route to the bank upon which it was drawn for payment. Into this situation came the Hartford Company alleging the insolvency of Atkinson, the payee, asserting its right to the fund, ratifying the settlement between Atkinson and Patterson, asking for the impounding of the fund in court while it sued to establish liability against the tort-feasor for the payment of the fund. The fact that only the $800 was involved was clearly established by the italicized words in the above quotation. The Hartford Company could sue either the tort-feasor or the injured employee. . . This was the contract of settlement between Atkinson and Patterson. There isn't the slightest question but that Atkinson, the injured employee, was well within his legal rights when he made the

settlement. Hartford recognized this, and attempted under the doctrine of subrogation to occupy the position then occupied by Atkinson, and claim the fund that had been thus legally created."

The decision in that case is, of course, the law of the case. Neither side contends to the contrary. They differ in their interpretations as to the legal effect of that decision, Atkinson contending that if he could not settle his claim so as to defeat the subrogation rights of the Hartford Company, he could not settle so as to defeat his own claim; and the defendants in error contending that "there isn't the slightest question but that Atkinson, the injured employee, was well within his legal rights when he made the settlement." Does the law of the case as fixed by that decision permit Atkinson to sue Patterson and his liability insurer, or either of them, in his own behalf, to establish the liability of Patterson for allegedly negligently injuring Atkinson? As shedding some light upon the meaning or effect of that decision, let us examine the pleadings in the amended petition in the original action; for, as contended by these defendants in error, "the court would not go outside of the record to create a case for adjudication." The material portions of those pleadings are hereinbefore set forth in the first part of the statement of facts. They show clearly that the original action was by the Hartford Accident & Indemnity Company, as the sole plaintiff, *against Atkinson,* the third party, and the third party's liability insurer, to enjoin the *consummation* of the $800 settlement already agreed upon; that the Hartford Company expressly alleged that that settlement was valid and binding as to the entire claim of Atkinson and itself against the third party; and that it sought to recover only the proceeds of the settlement, and general relief, as Atkinson's subrogee. This court said "[The Hartford Company] having the right of subrogation, a suit against the third party tort-feasor can be brought by the person who paid or is called upon to pay compensation. In such a suit, properly brought, the legal liability of the tort-feasor may be judicially determined. It would be futile, however, unless the tort-feasor and the employee . . should be enjoined from making a *complete* voluntary settlement. This suit is in equity against both the tort-feasor and his liability insurer, . . praying for injunction against payment by the defendants of the money that they have agreed to pay to the injured employee, and for general relief. The

latter prayer is broad enough to permit a judgment on the question of legal liability of the tort-feasor. . . The allegations being admitted by the demurrer, the employee either failing or refusing to bring about an adjudication of the tort-feasor's, liability, *the insurance carrier* for the employer *may maintain his suit* for that purpose." (Italics ours.) Thus it is clear that *that decision* does not entitle Atkinson to sue the third party or his liability insurer in his own behalf. Nor does it require that a suit by the compensation-insurance carrier to establish the third party's legal liability be brought in Atkinson's name either as a nominal plaintiff or as a material or necessary party, but on the contrary it authorizes the *insurance carrier,* in a suit properly brought, to sue the third party to establish his legal liability. It is clear also that that decision does not have the effect of invalidating the contract of settlement between Atkinson on the one hand and Patterson and Patterson's liability insurer on the other, so far as any rights of Atkinson are concerned.

■ The fifth ground of Patterson's and of the Fidelity & Casualty Company's general demurrers to Atkinson's amendment of November 15, 1937, is that "it affirmatively appears that the claim of Atkinson for damages is barred by the statute of limitations, the accident to him being alleged as having happened on September 5, 1935, and this suit seeking to recover damages is brought by this amendment on the 15th day of November, 1937." The Code, § 3-1004, declares that actions for injuries to the person shall be brought within two years after the right of action accrues. Atkinson did not sue Patterson for his injuries within the two-year period. The decision in *Wallace* v. *Brannen,* 56 *Ga. App.* 856 (193 S. E. 901), holding that an amendment adding a necessary plaintiff after a period of limitation related to the commencement of the suit, and that the action stood as if it had originally been brought in the names of all the parties and within the limitation period, is, we think, not applicable to the instant case, because, under the law of the case, Atkinson was not a necessary party plaintiff. Therefore general demurrers of Patterson and the Fidelity & Casualty Company to Atkinson's amendment of November 15, 1937, were properly sustained on the ground that his claim for damages set out therein was barred by the statute of limitations, and his amendment was properly dismissed. This ruling renders unnecessary

any consideration of whether or not Atkinson's amendment sought to add a new cause of action, or of any of the other grounds of the general demurrers to this amendment, or of any of the issues raised by *his* assignments of error on the judgment sustaining in part the demurrers of Patterson and his liability insurer to Hartford Accident & Indemnity Company's petition as amended on November 19, 1937.

■ The motion to dismiss the writ of error in case No. 12582 is sustained, because neither of the judgments therein complained of was a final judgment, within the meaning of the Code, § 6-701, to which a direct bill of exceptions by the Hartford Accident & Indemnity Company will lie. The judgment sustaining in part the demurrers by Patterson and his liability insurer to the petition as amended by the Hartford Company on November 19, 1937, and authorizing that company to proceed against the "Fidelity & Casualty Company of New York and W. R. Atkinson" for the recovery of only $800 and interest, was not a final judgment as to the Hartford Company, since it only limited the extent of the legal liability, if any, sought to be established, and left pending in the court below the paramount issue of whether or not there was any legal liability whatever against any of the defendants for the alleged negligent injuries to Atkinson. The other judgment complained of by the Hartford Company in case No. 12582 is the judgment sustaining the general demurrers to Atkinson's amendment by which he sought to make himself a party plaintiff instead of a party defendant, and to sue Patterson and his liability insurer for Atkinson's injuries; the Hartford Company contending that it is entitled to except to that judgment because, as it alleges, Atkinson was and is a material party to the cause, and it is through him that its right to maintain its action originates and continues, and only through him can it pursue and protect its subrogation rights. Under the law of the case as set forth in *Hartford Accident & Indemnity Co.* v. *Fidelity & Casualty Co.* (as hereinbefore stated), Atkinson was not a material party to an action by the Hartford Company to judicially determine the legal liability of Patterson. In that decision this court said: "A suit against the third party tort-feasor can be brought by the person who paid or is called upon to pay compensation. . . The employee either failing or refusing to bring about an adjudication of the tort-feasor's liability, the in-

surance carrier for the employer may maintain his suit for that purpose." The judgment sustaining the general demurrers to Atkinson's amendment was not reviewable by direct bill of exceptions by the Hartford Company. In view of the rulings hereinbefore stated, the judgment dismissing Atkinson's amendment, complained of in case No. 12581, is *affirmed,* and the writ of error in case No. 12582 is *dismissed. All the Justices concur.*