31762.   SOUTHERN RAILWAY COMPANY *v.*
WALDRUP *et al.*

357

Decided December 5, 1947.   Rehearing denied December 18, 1947.

358

*Wheeler, Robinson & Thurmond, Marvin A. Allison,* and *A. G. Liles,* for plaintiffs in error.

*Kelley, Hamrick & Coogler, W. L. Nix,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ This court held in *Wallace* v. *Brannen,* 56 *Ga. App.* 856 (supra), that where the surviving husband brings an action for the wrongful death of his wife, her surviving children may be joined as parties plaintiff by amendment, even though more than two years have elapsed since the children's cause of action accrued, the husband's petition having been filed before the expiration of two years. This assignment of error is without merit.

■ The petition was sufficient to withstand an oral motion to dismiss in the nature of a general demurrer. It alleged that a path crossed the railroad in question in a populous section of the City of Buford; that this path had been constantly used by many people for a number of years; that this was known to the railroad company; and that its agents in charge of the cars inflicting the injury knew of this use. It also alleged that the employees in charge of the cars saw the deceased and knew of her presence upon the tracks while crossing on this pathway with her back to the approaching cars, and that such employees at the

reckless speed of 30 miles per hour suddenly ran upon and over the deceased without giving any warning of their approach and without checking the speed by the use of brakes or other device.

The Supreme Court held in *Western & Atlantic R. Co.* v. *Michael*, 175 *Ga.* 1 (6) (165 S. E. 37), that, where a number of persons habitually, with the knowledge and without the disapproval of the railroad company, used a private passageway for the purpose of crossing the tracks, at a given point, the employees of the company in charge of one of its trains, who are aware of this custom, are bound, on a given occasion, to anticipate that persons may be upon the track at this point; and they are under a duty to take such precautions to prevent injury to such persons that would meet the requirements of ordinary care and diligence.

If these allegations were proved as pleaded, without more, the questions of whether these facts constituted the lack of ordinary care for the safety of the deceased and constituted the proximate cause were issues of fact to be decided by the jury. See *Bullard* v. *Southern Ry. Co.*, 116 *Ga.* 644, 648 (43 S. E. 39). Under such circumstances, it is not obligatory upon the plaintiff to allege that the decedent used ordinary care to avoid the injury, because this is a matter of defense. See *Atlantic Coast Line R. Co.* v. *Wildman*, 29 *Ga. App.* 745 (4) (116 S. E. 858); *Western & Atlantic R.* v. *Reed*, 35 *Ga. App.* 538, 541 (134 S. E. 134).

This case is distinguishable from *Luck* v. *Western & Atlantic R.*, 73 *Ga. App.* 197 (36 S. E. 2d, 59), because, as pointed out by this court, in the latter case the petition alleged that "the plaintiff saw the approaching train when he started on the track and in time to remove himself from his perilous position to a place of safety, but, instead of doing so, chose to remain on the path 'dangerously close to the track,' and was injured by a train he saw approaching him from the front." See p. 203 of the decision. It was held in that case that it affirmatively appeared from the petition that the plaintiff could have avoided the injury by the use of ordinary care. The petition in the instant case did not, as a matter of law, show that the deceased could have avoided the negligence of the defendant by the use of ordinary care.

While it has been held in many cases that as a general rule a railroad company is authorized to act on the presumption that

a person apparently of full age and capacity, standing or walking along or near its track, will leave it in time to save himself (see *Luck* v. *Western & Atlantic R.*, supra, p. 204), yet, in the instant case, it is alleged that the employees of the company had knowledge of the path and its almost constant use by the public, and that for this reason the company was lacking in due care in approaching the pathway at the excessive and dangerous speed of 30 miles per hour, and failed to sound a warning or apply the brakes, and that this lack of ordinary care was the proximate cause of the injury and death. Whether such acts and failure to act constituted actionable negligence and were the proximate cause or contributed thereto to a greater extent than the negligence which may be attributed to the defendant from the allegations, raised issues of fact.

It is within the province of the jury to determine whether "the dictates of ordinary prudence might not require" a slower speed than 30 miles per hour, and such speed that the cars could have been stopped by the application of brakes before striking the deceased, and might not require a sounding of a whistle, horn, or other signaling device emitting a loud warning. The defendant may owe many duties to a person on its tracks, the presence of whom it is bound to anticipate, whether as trespasser or licensee, which are not declared by statute. See *Western & Atlantic R.* v. *Reed.* supra. These are questions to be determined by the jury. See *Atkinson* v. *Fountain*, 10 *Ga. App.* 307 (3) (73 S. E. 534).

*Redding* v. *Calloway*, 74 *Ga. App.* 855 (41 S. E. 2d, 804), is not applicable to the case at bar because in the *Redding* case there were no allegations that the employees in charge of the train actually saw the deceased, or that if they saw him it was in time, by the exercise of ordinary care, to prevent injuring or killing him, "or that he was in a dangerous and perilous position which was known to such employees;" whereas in the instant case the allegations are that the deceased was upon the tracks with her back to the approaching cars, and these facts were known to the employees who saw her and knew or should have known of her perilous position. Furthermore, the petition in that case did not allege a much-used pathway crossing the tracks in a populous community, known by the employees to be gen-

erally used by the public as a crossing place, as in the instant case. The path ran parallel with the tracks and not across them, as in this case.

The petition before us alleges that the employees of the defendants *saw* and *knew* that her back was to the approaching cars, and this allegation in the first part of paragraph 8 of the petition takes this case out of the rule that "an allegation that a person knows or by the exercise of ordinary care ought to know a given fact is not an allegation of actual notice of such fact." This is true, even though it is later said in the same paragraph that such employees *saw*, or *should have seen*, the deceased for a distance of at least 300 feet. Construing this paragraph as a whole, it alleges that the operator saw her in time, in the exercise of ordinary care, to avoid injury.

While the paragraph does not allege at what distance the employees actually saw the deceased, there was no special demurrer; and since it is alleged that they actually saw her, but that such employees sounded no alarm of any kind and failed to reduce or slacken speed, it does indicate that the deceased was seen a sufficient distance to have done these things, as against an oral motion to dismiss.

Otherwise, it would be impossible to apply the principle announced in *Bullard* v. *Southern Ry. Co.*, supra (1), to the effect that the employees of the company are bound to anticipate that persons may be upon the tracks using a much traveled pathway crossing, and are under duty to exercise ordinary care and diligence to avoid injuring them. See also *Western & Atlantic R.* v. *Michael*, supra.

In fact, actual notice is not necessary in order to require such care and diligence where the employees operating the cars know that the pathway crossing is located in a populous section of a city and is habitually used by the public. That such pathway crossing is in a populous section more especially requires this anticipation and use of ordinary care. *Bullard* v. *Southern Ry. Co.*, supra, (2).

The distinction between a pathway crossing the tracks in a populous section known by the employees of the railroad to be habitually used by the public as a crossing, on the one hand, and the case of a path running parallel with the tracks, on the other,

should be kept in mind, although there is some conflict in the cases as to the duty owed by the railroads to persons using such pathways, and this distinction does not harmonize all of them.

The court did not err in overruling the oral motion to dismiss the petition.

That brings us to the question of whether the evidence was sufficient to support the verdict. The uncontradicted evidence in the case shows that the deceased was a woman of 72 years of age, and that she was apparently a normal person for this age. She was walking down the side of a railroad track in a place of safety with her back to the oncoming motor car. She had brush brooms under her arm, and after proceeding for some distance, suddenly made an abrupt turn and stepped upon the railroad track in front of the oncoming motor car.

The uncontradicted evidence is that, had she continued along the side where she was before stepping upon the track, the cars would have passed by her without doing her any injury. Although she was 72 years of age, and it might be assumed that the agents of the company on the oncoming car could see and observe that she was a person of such age, yet the employees of the company were perfectly justified in assuming that, since she was in a place of safety, she would remain there until the danger had passed, and were not bound to take any affirmative action for her protection until she assumed a position of danger from which it was, or should have been in the exercise of ordinary care, apparent to such employees that she would not extricate herself in time to avoid injury. While the operators of trains and cars are bound to anticipate the presence of persons crossing the tracks on pathways of the kind here involved, yet, where they see a person in a position of safety on such pathway, and it is apparent to them that such person is proceeding in a direction of continued safety, such operators have the right to presume that such person will continue in the place of safety, and not abruptly turn and step in front of the oncoming train or car. *Gordon* v. *Atlantic Coast Line R.*, 21 *Ga. App.* 812 (95 S. E. 311).

Although there is some conflict in the evidence as to whether the deceased had stepped onto the tracks in front of the approaching car in time for her to get off when the employees

shouted at her, the evidence is uncontradicted that they shouted at her as a warning of her danger immediately as she turned from a place of safety on the path alongside the tracks and stepped onto the track itself.

The evidence is also uncontradicted that, at the time the deceased turned from a place of safety on the path alongside the track and stepped on the track, she did so without looking up or down the tracks for approaching trains or cars.

Whether the car was far enough away, at the time she stepped onto the track and the employees in charge of the operation of the car shouted as a warning to her, for her to get off the track, or whether the car was so close to her at the time she stepped onto the track, would not alter the fact that she was so lacking in the exercise of ordinary care for her own safety as to bar a recovery for her homicide.

If the shouting occurred in time for her to get off the track, she was lacking in the exercise of ordinary care for her own safety as a matter of law in not looking around and not stepping off the tracks and back to a place of safety. On the other hand, if she, without looking, stepped from a place of safety on the path alongside the track onto the track immediately in front of the approaching car when the same was so close upon her that the shouting of the employees in charge of the car was not in time to constitute a warning to her, this conduct also would constitute lack of ordinary care on her part for her own safety, and would likewise bar a recovery for her homicide.

The evidence being insufficient to sustain a verdict for the plaintiff, it is unnecessary to consider the other grounds of the motion for a new trial.

Accordingly, the court erred in refusing a new trial.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*