## 40773. OGLETREE et al. v. CATHRALL.

PANNELL, Judge. It has been held that under *Code* § 85-1609 relating to processioning "it will be seen that the protest allowed by law to be filed is to be returned to the clerk of the superior court, who is to enter the same on the issue docket as other causes, to be tried in the same manner and under the same rules as other cases", and, "[t]his being so, the right of amendment existed at any stage of the cause, in all respects, whether in matter of form or of substance," *Watson v. Bishop*, 69 Ga. 51, 53 (2), and that an amendment to an ordinary petition, making as additional parties plaintiff persons who should have been joint parties plaintiff with the original plaintiff, is not subject to objection that it adds new and distinct parties plaintiff. *Code* § 81-1303; *Wallace v. Brannen*, 56 Ga. App. 856 (193 SE 901); *Eve v. Cross*, 76 Ga. 693, 695 (2); *Taylor v. James*, 109 Ga. 327 (4) (34 SE 674). However, in a processioning case the due return of the processioners "is in the nature of a judgment, and is prima facie binding until set aside, and under that view is admissible in evidence to shift the onus and if not successfully assailed, or acquiesced in, would, . . . be conclusive to the extent of its legal force and effect," *Rattaree v. Morrow*, 71 Ga. 528, 531, on those who are parties at the time, and would not be so binding on those not parties at the time. It follows, therefore, that to allow new necessary parties, *Carmichael v. Jordan*, 131 Ga. 514 (62 SE 810) to the application by amendment after the return of the processioners had been filed in the office of the ordinary, protest filed, and all papers transferred to the superior court, would create the anomalous situation of the return of the processioners being admissible in favor of one of the joint applicants as prima facie evidence of the correctness of the line run by the processioners, *Philpot v. Wells*, 69 Ga. App. 489 (2) (26 SE2d 155), *Davis v. Terrell*, 70 Ga. App. 478 (2) (28 SE2d 590), and not being admissible for such purposes as to the other joint applicants. Such a situation would create an insoluble problem of evidence and procedure, and we are, therefore, constrained to hold that the trial judge was correct in sustaining demurrers to the amendment making new parties to the application after the filing of the protest to the return of the processioners.

Nothing ruled in *Earney v. Owen*, 213 Ga. 412, 416 (99 SE2d 201), in which *Code* §§ 37-901, 37-904 and 37-905 were applied to a processioning proceeding, related to the adding of new parties to the application by amendment. Whether *Code* § 37-901 applies to a processioning case in view of *Code* § 81-102, providing that "nothing in the Uniform Procedure Act . . . shall repeal or affect the mode of any special statutory proceedings . . . nor other special proceedings of like nature . . . ," it is not necessary to decide.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED JULY 1, 1964—REHEARING DENIED JULY 17, 1964.

*T. T. Molnar*, for plaintiff in error.
*Jesse G. Bowles*, contra.