## 50422. GORDON v. GILLESPIE.

PANNELL, Presiding Judge.

This case is in this court on appeal from the denial of the original plaintiff's motion to add additional parties plaintiff to the complaint.

Charlie Gordon, Jr., brought a complaint on May 21, 1971, in the Superior Court of Clarke County and against Patricia Gillespie seeking recovery of damages in amount of $10,814.85, alleging that his father, Charlie Gordon, Sr., was killed on February 8, 1971, as the result of the negligence of the defendant. Paragraph 4 of the petition alleged that plaintiff was one of the children of Charlie Gordon, Sr., and also the administrator of the estate of Charlie Gordon, Sr.; and in paragraph 10 alleged: "Plaintiff brings this action to *recover the full value of his father's life,* to recover for the pain and suffering of Charlie Gordon, Sr., *and the medical and funeral expenses* incurred as a result of the injuries of said Charlie Gordon Sr., . . ." (Emphasis by the court.) The prayer was for the recovery of the amount of damages previously alleged. There was no separate allegation as to the full value of the life of the father or the other damages sought.

The defendant was duly served with a petition and process and after two extensions for the filing of responsive pleadings, filed his response on July 14, 1971, and sought dismissal of the action because it did not show the plaintiff was the sole surviving child of Charlie Gordon, Sr., and that the other surviving children were indispensable parties to the action. It also sought dismissal because the complaint failed to allege that Charlie Gordon, Sr. had no wife surviving at the time of his death. At the same time the defendant served interrogatories upon the complainant. The complainant's answers disclosed that the wife of Charlie Gordon, Sr. predeceased him and that eight named children, including the complainant, survived the father; and that they were not named as plaintiffs "because of complainant's lawyer." The answer to the interrogatories was dated February 29, 1972, and filed in court on March 5, 1972.

On September 13, 1974, the defendant amended her

responsive pleadings, setting up the following additional defense: "The plaintiff, Charlie Gordon, Jr., is one of eight (8) surviving children of Charlie Gordon, Sr., and in the event of a recovery by the plaintiff against the defendant in this civil action for the alleged wrongful death of Charlie Gordon, Sr. (and defendant denies that the plaintiff is entitled to have any such recovery), plaintiff would be entitled to recover from the defendant only 1/8 of any sum which may be found as damages for such alleged wrongful death." On November 22, 1974, complainant sought to add five of the other children as parties plaintiff to the action, alleging that they constituted "the known surviving children of Charlie Gordon Sr., deceased, and his wife, who predeceased him."

The motion to amend alleged that the five named additional children had consented to be joined as parties plaintiff to the action and alleged: ". . . it is necessary that said persons be joined as party Plaintiffs if complete relief is to be accorded those already named as parties, as appears more fully from the affidavit attached hereto." The prayer was that the five other children named be joined as parties to the action, pursuant to Section 19 of the Civil Practice Act. Attached to the motion was the consent to be joined as parties by the additional five children, as well as an affidavit of the complainant, which in part was as follows:

"1. That at the time of filing this suit it was my intent and understanding that by suing for the 'full value of the life' (paragraph 5 of Plaintiff's Complaint) of my father, Charlie Gordon, Sr., I was suing for both my individual interest and on behalf of all my brothers.

"2. That it was not my intent or understanding that I was suing just for my share alone of the value of my father's life.

"3. That at the time of filing this suit it was my intent and understanding that I was also suing in a representative capacity as Administrator of my father's estate for medical expenses, funeral expenses and for the pain and suffering of my father. It is my understanding that paragraph 4 and 10 of Plaintiff's complaint accomplished this purpose.

"4. That since filing this suit I have recently

changed attorneys.

"5. My new attorney has informed me that a suit for the wrongful death of a father, when the mother is already deceased, must be brought in the names of all the surviving children of the father.

"6. That my mother was deceased at the time of the death of my father.

"7. That at the time of my father's death the known surviving children of my father were: myself, Edgar Gordon, Claude Gordon, Willie Gordon, Freddy Gordon and Seyborn Gordon.

"8. That it is now necessary to amend my complaint to add my said brothers as party Plaintiffs and also to show that I was suing both as an individual and representative of my father's estate, which is what I intended and thought I had done when the original complaint was filed.

"9. That this motion to add my brothers as party Plaintiffs is not intended to delay this suit but is for the sole purpose of providing for a just adjudication for the parties involved."

The defendant objected to the grant of the motion to amend on the grounds that the complaint on its face shows that any claim for relief by the additional parties sought to be added was barred by the statute of limitation (objections 1 and 2); that the persons sought to be added as parties plaintiff are not necessarily parties to the action (objection 3); that the persons sought to be added as parties plaintiff do not constitute all of the surviving children of Charlie Gordon Sr. (objection 4); that the motion to add parties was not timely filed (objection 5), and that plaintiff had no standing to seek to add parties (objection 6). The trial judge sustained grounds 1, 2 and 5, and overruled grounds 4 and 6. His order reads in part as follows: "The court determines that the rights of the persons sought to be added as parties plaintiff are severable from the rights sought to be asserted by the original Plaintiff in this cause; and that the rights of parties sought to be added as additional parties plaintiff are barred by the statute of limitations. The court further finds that the persons sought to be added as additional parties plaintiff are not necessary parties to the

determination of the issues between the original Plaintiff and the Defendant herein. See *Walden v. Coleman,* 217 Ga. 599." The court further added that it made no finding as to whether or not the original plaintiff and the parties sought to be added as parties plaintiff do not constitute all the surviving children of Charlie Gordon, Sr., this being immaterial, in his opinion, to the determination of the issues presented to the court. The complainant appealed.

1. Prior to the enactment of the Civil Practice Act and Section 15 (c) thereof (Ga. L. 1966, pp. 609, 627; Ga. L. 1972, pp. 689, 694; Code Ann. § 15 (c)) it was held that in cases where more than one party must bring an action, and where the original petition, although not brought in the names of all the parties plaintiff, was brought within the period of limitation for the institution of the suit, the suit was not barred by the statute of limitation because of the failure within the period of the statute to make all the necessary parties plaintiff; and that an amendment to the petition adding additional parties plaintiff who were necessary parties, made after the period of the statute of limitation, relates back to the bringing of the suit, and the suit stands as if it was originally brought in the name of all the parties and within the period of the statute of limitation. See *Wallace v. Brannon,* 56 Ga. App. 856 (1, 2) (193 SE 901); *Taylor v. James,* 109 Ga. 327 (1) (34 SE 674); *Southern R. Co. v. Waldrup,* 76 Ga. App. 356 (1) (45 SE2d 775). This was the rule prior to the Civil Practice Act even though at that time there was in effect Code § 81-1303 providing: "No amendment adding a new and distinct cause of action or new and distinct parties shall be allowed unless expressly provided for by law," it being held that such an amendment was not subject to the objection that a new and distinct cause of action and new and distinct parties were being added by amendment. See *Ogletree v. Cathrall,* 110 Ga. App. 100 (137 SE2d 799).

The trial judge, because of a ruling in *Walden v. Coleman,* 217 Ga. 599 (124 SE2d 265) on page 605, concluded that the additional children were not necessary parties and that, therefore, the rule of relation back would not apply. That ruling is as follows: "Under the ruling in *Happy Valley Farms v. Wilson,* supra [192 Ga. 830, 16

SE2d 720] as we have previously pointed out, each of the beneficiaries specified by Code § 105-1306 as amended in 1939 has a separate cause of action for the death of their wife and mother and for the same reason given in that opinion we hold that each of the beneficiaries specified by Code § 105-1302 *has a separate cause of action for the death of their husband and father,* which the mother, if in life, asserts by action for all of them and in the instant case there is no reason why the defendant by proper pleadings could not have asked for a reduction in the amount which the plaintiff widow is seeking to recover from him to the extent of his wife's share in the full value of her father's life whose death was allegedly caused by her negligence. And since we are of the opinion that the majority holding in *Thompson v. Watson,* supra [186 Ga. 396, 197 SE 774, 117 ALR 484] is an incorrect pronouncement of the law, we will decline to follow it just as the majority did in *Happy Valley Farms v. Wilson,* supra [192 Ga. 830]. We have not overlooked the ruling in *Watson v. Thompson,* supra [185 Ga. 402, 195 SE 190] which, as we have previously pointed out, was decided prior to the 1939 amendment to § 105-1306, but as this Court said in *Happy Valley Farms v. Wilson,* supra [192 Ga. 830], that decision holds nothing contrary to the view now being expressed."

The basis of the trial judge's conclusion, of course, is that he construes the above case to hold the surviving children, under Code § 105-1302, may bring separate actions against the defendant and seek only the recovery of their particular share of the full value of the life of the father, and they are, therefore, not necessary parties under the above rule. Pretermitting a decision on whether the ruling in *Walden v. Coleman,* 217 Ga. 599 (124 SE2d 265) should be construed as so ruling (The ruling in *Happy Valley Farms,* upon which the quoted ruling in *Walden* was based, did not provide or hold that separate actions could be maintained by the beneficiaries against the tortfeasor, it being held therein "the suit was correctly brought, the husband and child suing jointly, as required by statute"; but that case merely held the negligence of one of the beneficiaries under the statute contributing to the death of the parent would not bar a proportionate

recovery by the others not so negligent), we are yet of the opinion that the other children are "necessary" parties here for the reason that *the claim as asserted seeks recovery for the full value of the life of the father,* and whether or not the children may have a separate cause of action for their share, they are necessary parties for any action *asserting the right to recover the full value of the life of the father.* The action here was not for the original complainant's share of that value, but he sought recovery as a member of a class for the full value of the father's life when he could not do so as he was entitled to a share only of that value. We might note here there is nothing in the language of Section 15 of the Civil Practice Act which requires that in order to add parties whose claims relate back to the filing of the original complaint, the added parties must be necessary parties, and Code § 81-1303, above quoted, has now been repealed.

Section 15 (c) of the Civil Practice Act (Ga. L. 1966, pp. 609, 627, as amended by Section 6 of the Act of 1972, pp. 689, 694; Code Ann. § 81A-115 (c)) reads as follows: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.*" The Act of 1972 added the last sentence to the Section. This Section is now an exact duplicate of Rule 15 (c) of the Federal Rules of Civil Procedure as amended in 1966. The application of this rule by the federal courts may be of assistance in the present case.

While the language added by the amendment of 1972 (1966 of the Federal Rules) seems to apply only to an

amendment as to a defendant, the Section is also applicable to amendments as to plaintiffs and has so been applied by the federal courts and by the courts of this State. As to this rule, there was a tendency in the federal courts to apply the new rule too strictly by limiting amendments to the same "cause of action" and limiting the admission of new parties to the case. It is now well settled, however, that relation back occurs both as to the plaintiff and the defendant when the new and old parties have such an identity of interest that it can be assumed, or proved, that relation back is not prejudicial; and that the new "cause of action" "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings. . ." provided other requirements are also met. See *Sam Finley, Inc. v. Interstate Fire Ins. Co.*, 135 Ga. App. 14. "Statutes of limitations are designed to ensure that parties are given formal and reasonable notice that a claim is being asserted against them. Rule 15 (c) is based on the idea that a party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statutes of limitations than one who is informed of the precise legal description of the rights sought to be enforced. If the original pleading gives fair notice of the general fact situation out of which the claim arises, the defendant will not be deprived of any protection which the state statute of limitations was designed to afford him. Being able to take advantage of plaintiff's pleading mistakes is not one of these protections." Moore's Federal Practice, Vol. 3, § 15.15 [2], pp. 1021-1023.

"The Federal Rules have broadened the meaning of the concept of 'cause of action,' shifting the emphasis from a theory of law as to the cause of action, to the specified conduct of the defendant upon which the plaintiff relies to enforce his claim. And an amendment which changes only the legal theory of the action, or adds another claim arising out of the same transaction or occurrence, will relate back." Moore's Federal Practice, Vol. 3, § 15.15 [3], pp. 1027-1029.

That the "cause of action" here meets the requirements of 15 (c) cannot be doubted, nor can the identity of interest of the original party complainant and

those sought to be added as parties. The defendant was also clearly on notice of the "cause of action" sought to be asserted and is not prejudiced for lack of such notice.

In this connection see Williams v. United States, 405 F2d 234 (12 ALR Fed. 224), in which a mother, as next friend, of a minor child sued for injuries to the child and by subsequent amendment, after the statute of limitation had run, was allowed to add herself as a party suing in her own behalf for recovery for loss of services of the child; De Franco v. United States, 18 FRD 156, in which an individual brought an action within the statutory period allowed for refund of taxes paid by a partnership and subsequently was allowed, under Rule 15 (c), to amend and add the remaining partners; Holmes v. Pennsylvania New York Central Transp. Co., 48 FRD 449, in which a death action brought by a wife and minor child was amended after the statute of limitation had run by adding as a party plaintiff a duly qualified representative of the decedent.

A question remaining as to the diligence or lack of diligence of the complainant is dealt with in Division 2 of the opinion.

2. The objection that the motion to amend was not timely is not sufficient alone to bar amendment. The primary question for consideration of this court is whether the allowance of their proposed amendment will work an injustice upon the defendant, and the timeliness of the motion for leave to amend is one of the elements to be considered. However, in and of itself, delay is not enough to warrant the denial of such a motion. It must be shown that to allow the amendment will result in prejudice to the opposite party. Fli-Fab, Inc. v. United States, 16 FRD 553, 556, 21 FR Serv. 15a.21, Case 1. Or as stated in 3 Moore's Federal Practice, § 15.08 (4), p. 901: "It should be particularly noted, however, that while laches and unexcused delay may bar a proposed amendment, *the mere fact that an amendment is offered late in the case is not enough to bar it if the other party is not prejudiced.*" (Emphasis supplied.) That the amendment might relate back and bar the application of the statute of limitation is not the prejudice referred to in that statement. If this were not so, then any amendment which related back so as

to bar the application of the statute of limitation would be prejudicial and the whole purpose of Section 15 (c) would be avoided. The burden is on the party seeking amendment to show lack of laches or lack of unexcusable delay. The plaintiff here attempted to do so with his affidavit attached to the motion. There was no finding by the trial judge that the plaintiff was guilty of laches or unexcused delay in offering the proposed amendment, nor does it appear that he based his judgment thereon. It further appears that he did not exercise his discretion but placed his decision solely on the grounds of legal conclusions not sustainable under the applicable law as previously demonstrated. For these reasons, and these alone, we reverse the trial judge and remand the case for further hearing and determination, in accordance herewith.

*Judgment reversed with direction. Quillian and Clark, JJ., concur.*

Submitted March 11, 1975 — Decided June 20, 1975 — Rehearing denied July 9, 1975 —

*Cook, Pleger & Noell, J. Vincent Cook,* for appellant.
*Erwin, Epting, Gibson & McLeod, Gary B. Blasingame, Darrel Begnaud,* for appellee.