Isham S. Fannin, administrator, plaintiff in error, *vs.* P. R. Thomasson, defendant in error.

1. Though a defendant in an action at law may, in Georgia, set up an equitable defense by his plea, yet he is not obliged to do so, and if he omit it where such defense constitutes an independent claim against the plaintiff, he is not thereby estopped after judgment against him in the common law action, from filing his bill to enjoin the judgment and to set up his equitable defense against it.

2. The second section of the Relief Act of 1868 allows the defendant to avail himself of such equitable defense by motion, in place of filing a bill in the class of cases therein mentioned.

3. But where, in an issue formed upon an affidavit of illegality, under that Act, the defendant in *fi. fa.* proves that plaintiff promised to take

seven-thirty Confederate notes or Georgia State bonds issued during the war, in payment, and that he, induced by the promise, bought such notes and bonds "with what money he had, (meaning Confederate money,) and sold some cotton," (it not appearing how much cotton o to what extent defendant was damaged) to raise the balance, and then tendered the bonds and notes to the plaintiff, which he refused, in consequence of which defendant held them, and they became worthless in his hands, and the jury found for the defendant, a new trial should have been granted. No damage is sufficiently proved to constitute a good equitable defense to the execution. WARNER, C. J., concurring.

New Trial. Relief Act of 1868. Equitable defense. Before Judge ROBINSON. Morgan Superior Court. September Adjourned Term, 1871.

Plaintiff in error was proceeding to make his money upon an execution in his favor against defendant in error, issued upon a judgment obtained at March Term, 1867, of Morgan Superior Court, for the sum of $3,119.81, principal, and $1,103.07, interest, when he was stopped by an affidavit stating that defendant in error was desirous of availing himself of the benefits of the Relief Act of 1868. At the November Term, 1869, the defendant in error moved to have said judgment opened upon the following ground, to-wit:

Because said judgment is founded upon a promissory note for the sum of $3,119.81; that the consideration of said note was money loaned by Lancelot Johnson as agent for Miss Mary Johnson; that at the time said credit was given, said defendant was possessed of property of all kinds of the value of $37,500, upon the faith of which said credit was given; that said property upon the faith of which said credit was given included slave property to the value of $17,500; that at the date of said credit, the government protected alike said payee and this defendant in their property; that after said credit was given, the government destroyed his property in slaves, and thereby relieved said defendant *pro tanto* from his obligation upon said contract; that after making said note, in the month of May or June, 1861, he went to Lance-

lot Johnson, who had control of said note, and offered to pay off the same in bank bills, which said Johnson refused to take; that defendant afterwards offered to pay the same in Confederate money, which was also refused; that sometime in the year 1863 said defendant asked said Johnson if he would take interest-bearing Confederate notes and State bonds, which he agreed to do; that upon the faith of this agreement, said defendant sent to Augusta and bought interest-bearing Confederate notes and State bonds, to an amount sufficient to pay off said note, and tendered the same to the payee of said note through her agent as aforesaid; that Mr. Lancelot Johnson replied that he had changed his mind, and would not take them at all; that said notes and bonds have been lost entirely to this defendant by reason of said payee's refusal to take the same, after inducing this defendant to procure them; that after the surrender of the Confederate army, and after said note came into the hands of plaintiff in error, said defendant offered to convey to said plaintiff in error and to Antoine Poulain, executor of Lancelot Johnson, in payment of what he owed them, his store house and lot in the city of Madison, which, at a low valuation, was more than sufficient to pay off what he owed to both these estates, which proposition was also rejected; that afterwards said defendant offered to said last mentioned parties, in payment of what he owed both estates, his plantation on Apalachee river, which was also refused; that said defendant has endeavored most earnestly at divers times to have said debt adjusted upon fair and equitable principles; that he has always been ready and willing, and is still ready and willing to adjust the same upon correct principles.

Upon the trial, defendant in error proved substantially the facts set forth in the above motion, with the additional fact that "he went to Augusta and sold some cotton which he had there, with which, together with what money he had, he purchased the notes and State bonds." The jury returned a verdict in favor of defendant in error. A motion for a new

trial was made and overruled, and plaintiff in error excepted upon the following grounds, to-wit:

1st. Because the Court erred in refusing to grant a new trial in said case, on the ground that the verdict was contrary to evidence and the principles of justice and equity.

2d. Because the Court erred in refusing a new trial on the ground that the verdict was against evidence and without evidence to support it.

3d. Because the Court erred in refusing a new trial on the ground that the verdict was strongly and decidedly against the weight of evidence.

4th. Because the Court erred in refusing a new trial on the ground that error was committed in allowing defendant in error to testify for himself, Mary Johnston, the original payee of the note upon which the judgment was founded, and Lancelot Johnston, her alleged agent, both being dead.

5th. Because the Court erred in refusing a new trial on the ground that error was committed in not dismissing the motion to open judgment, for the reason that movant did not show by said motion any ground of defense other than such as he could have availed himself of on the trial at which the original judgment was rendered.

A. G. & F. C. FOSTER; J. A. BILLUPS, for plaintiff in error.

REESE & REESE, for defendant, cited 5th section of Relief Act of 1868. Tender may be set up, though not in conformity with strict law: 40 Ga. R., 493; *Ibid.*, 501. Suitor compelled to appear on equity side of Court, but optional if he has remedy at law: Code, sections 3027, 3040.

MONTGOMERY, Judge.

1. This was an attempt by defendant in error, who was also defendant in *fi. fa.* below, to avail himself of an equitable defense to the execution by motion under the Relief Act

of 1868. The defense was, that he had been induced by plaintiff's intestate, before the judgment was obtained, and during the war, to purchase Confederate seven-thirty notes and Georgia war bonds, under a promise that said intestate would take them in payment of the debt; that he, in consequence of the promise, bought the notes and bonds "with what money he had," (Confederate money) and that he "sold some cotton" to raise the balance necessary to make the purchase. That he then tendered the notes and bonds to the intestate, which he refused to receive, and in consequence of such refusal the defendant was compelled to hold them until the close of the war, when they perished on his hands. How much cotton was sold does not appear. Nor is it stated what damage, if any, was suffered by the defendant in consequence of the purchase, the refusal to receive the bonds and notes in payment, and the fact that they perished on his hands. The defense, had damage been proved, was an equitable one, of which the defendant might have availed himself by plea before judgment, under our system of pleading, but he was not obliged to do so. Inasmuch as the defense constituted an independent claim against the plaintiff, in the nature of a set-off, his failure to plead it at law does not estop him from setting it up by bill to enjoin the common law judgment: White and Tudor's Equity Cases, volume 2, part 2, page 466; Pollock *vs.* Gilbert, 16 Georgia, 398; Mordecai *vs.* Stewart, 37 Georgia, 364. Chief Justice Warner's dissenting opinion.

2. His right to set it up by bill being undoubted, he may do so by affidavit of illegality, and motion under the second section of the Relief Act of 1868, in the class of cases mentioned in the Act: White *vs.* Herndon, 40 Georgia, 493, 501; 42 Georgia, 295.

2. But inasmuch as he failed to show any damage resulting from his purchase of the bonds and notes, he was not entitled to a verdict, and a new trial should have been awarded.

Let the judgment of the Court below be reversed.

WARNER, Chief Justice, concurring.

I concur in the judgment of the reversal in this case, on the ground that the defendant was concluded, by the judgment rendered against him in March, 1867, from setting up the defense relied on. The second section of the Act of 1868, so far as it creates a *new equity* and *new grounds of defense* to the contract, and judgment rendered thereon, which did not exist by law at the time the contract was made, and at the time the judgment was rendered thereon, is unconstitutional and void.