## WATSON *vs.* BISHOP *et al.*

1. Processioning was designed to prevent controversies concerning boundaries of land between adjacent owners, by having the lines around the entire tract of an applicant surveyed and marked, and this must be done in order to make the lines between adjacent owners *prima facie* correct and admissible in evidence without further proof. Where it is apparent on the face of the papers that the processioners have not complied with this requirement, their return is without legal effect under the processioning laws.

2. A protest to the return of processioners is to be filed with the clerk of the superior court, who is to enter the same on the issue docket like other causes, and it is to be tried in the same manner and under the same rules as other causes. This includes the right to amend at any stage of the cause.

(*a.*) When the return showed on its face a failure to comply with the law and the consequent want of jurisdiction of the court, was it necessary to amend a protest thereto by adding an objection to the return on account of such failure ?  *Quære.*
December 30, 1882.

Amendment.   Processioning.   Before Judge LAWSON. Greene Superior Court.   March Term, 1882.

The processioners of the 145th district G. M., of Greene county, together with the county surveyor, were called in to settle a disputed line between Watson on one side and Bishop and Thompson on the other, upon the application of Watson.   The disputed line only was laid off, with its course and distance.   Bishop and Thompson filed a protest, alleging that the line as run was not the true line, but another, which was described in the protest.   The case was returned to the superior court.   When it was called for trial, the protestants amended their protest, by adding as grounds thereof, that Watson, the applicant for processioning, did not own the land which he desired to have surveyed ; that proper notice was not given to adjoining land owners ; and that the land had not been surveyed and the lines traced and marked around it as required by law.   Counsel for protestants moved to set aside the return of the processioners on the last ground stated.   Pending this motion, counsel for respondent pleaded that the processioners had been called in to settle the disputed line and nothing else, and that the parties waived an investigation of other lines.   The court sustained the motion of protestants' counsel, and set aside the return.   Respondent excepted, and assigned as grounds of error, that protestants were not entitled to make the motion at all, but, if so, it was made too late.

JOHN C. REED, for plaintiff in error.

A. REESE ; H. T. & H. G. LEWIS, for defendants.

CRAWFORD, Justice.

The questions presented in this case for the judgment of the court, are:

(1.) Whether the return made by processioners, which shows upon its face that they did not have a survey made of the entire tract of land of the applicant, is such a compliance with the law for processioning as to give the applicant any of those rights to which he would be entitled if legally done.

(2.) Whether after a protest by adjoining owners has been filed, in which the aforesaid fact is not set up as a ground of objection, the same may be amended by inserting it therein, and claiming all the benefits arising from its omission after several terms of the court have elapsed.

1. Processioning was designed to prevent controversies concerning the boundaries of land between adjacent owners, and originally they were required, once in every ten years, to have their lands "processioned or gone around and the land marks renewed." It is, however, now confined to cases where the owner of any particular land desires the lines around his entire tract surveyed and marked anew. And an examination of the law of processioning will show that there is no provision for any other manner of tracing and marking the lines of adjacent owners, so as to make the said lines *prima facie* correct and admissible in evidence without further proof. This, then, being the law, where it is apparent upon the face of the papers that the processioners have not complied therewith, their return is without legal effect, in so far as the same purports to have been done under the law providing for the processioning of lands.

2. Touching the second question made, it will be seen that the protest allowed by law to be filed is to be returned to the clerk of the superior court, who is to enter the same on the issue docket as other causes, to be tried in the same manner and under the same rules as

other cases. This being so, the right of amendment existed at any stage of the cause, in all respects, whether in matter of form or of substance. Besides, under the facts as set out in the record, we are not prepared to hold that any amendment was necessary. The return of the processioners, including the plat of the surveyor, showed the failure to comply with the law, and thereby the want of jurisdiction in the court to take further cognizance thereof; hence the motion to dismiss was properly in order.

Judgment affirmed.