## McCALL *v.* FRY, executrix.

Since 1887 a defendant in a suit in the superior court is bound to set up by
answer every matter of a purely defensive nature relating to the cause of
controversy set forth in the plaintiff's petition, whether such matters relate
to legal or equitable defenses, and, if of the latter character, whether their
recognition and enforcement depend upon the granting of affirmative
equitable relief in the exercise of the ordinary or extraordinary powers of
the court. Hence a defendant in a suit to recover land, who relies upon
equitable estoppel, equitable subrogation, and the equitable remedy of can-
cellation to sustain his claim to the land and defeat the plaintiff's right to
recover upon the title relied on by him, must set up these matters by an-
swer in the suit of his adversary, and will not be allowed to file an inde-
pendent suit in the same court, setting up such matters and asking that the
action of his adversary be enjoined.

Argued June 23, — Decided July 13, 1904.

Equitable petition. Before Judge Mitchell. Lowndes superior
court. January 18, 1904.

Mrs. Fry, as executrix of the will of N. E. Fry, brought suit in
the superior court of Lowndes county against Mrs. McCall. The
petition alleged, that Mrs. McCall "filed a complaint for land in
the superior court of said county and to the May term, 1897, of
said court, against the said N. E. Fry, to recover " a described
tract; that the deed on which Mrs. McCall based her claim was
a forgery; that, by reason of certain facts (set forth), Mrs. Mc-
Call was estopped to enforce her claim; and that the petitioner
was entitled to be subrogated to the rights of certain mortgagees
and to have the mortgages enforced against the land for her ben-
efit. It was prayed that the prosecution of the suit for the land
be enjoined; that the deed under which Mrs. McCall claimed be
decreed to be a forgery; that if genuine it be decreed to be infe-
rior to certain other instruments, and be delivered up and can-
celled; and if it was superior to those instruments, that the peti-
tioner be subrogated to the rights of certain mortgagees, and that
the land be sold and the proceeds paid to her. Mrs. McCall de-
murred on the ground that the petition did not set out anything
that required the intervention of a court of equity; that it did
not present any question that could not be settled in the trial of
the common-law suit which the petition sought to enjoin; that
a court of law first had jurisdiction, and the plaintiff had the
right to set up in that court any defense she might have of an

equitable nature. At a subsequent term of the court the plaintiff voluntarily struck from the petition the prayers for injunction and cancellation. Thereupon the defendant made an oral motion to dismiss the petition, for the reason assigned in the demurrer. The court overruled the demurrer and the motion to dismiss, and the case proceeded to trial; there was a verdict for the plaintiff, the defendant's motion for a new trial was overruled, and she excepted, assigning as error each of the rulings stated.

*W. E. Thomas* and *G. A. Whitaker*, for plaintiff in error.

*W. M. Hammond, Denmark & Ashley,* and *S. T. Kingsbery & Son,* contra.

COBB, J. The petition showed on its face that the defendant had, prior to the filing of the present suit, brought an action against the plaintiff to recover possession of the land described in the present petition. There was no allegation that this suit had culminated in a judgment, or had been dismissed, or otherwise disposed of; and it was therefore to be presumed, in the absence of an averment to the contrary, that the same was still pending. After the petition had been amended by striking therefrom the prayers for extraordinary relief, all that remained related to matters which, if constituting a cause of action at all, could have been properly made the subject-matter of pleas in the action brought by the defendant against the plaintiff's testator. He could in that suit have pleaded estoppel and subrogation, and also have set up that the deed relied on by the plaintiff was a forgery. No one doubts that the plaintiff's testator could by plea have availed himself of these defenses; but the question to be determined is whether he was compelled to adopt that course instead of bringing an independent suit setting up these equitable claims against the present defendant. In *Fannin* v. *Thomasson,* 45 *Ga.* 533, it was held, by two Justices, that though a defendant in an action at law may set up an equitable defense by his plea, he is not obliged to do so where such a defense constitutes an independent claim against the plaintiff. While Mr. Chief Justice Warner concurred in the judgment in that case, he did not concur in the ruling just referred to, as clearly appears from what is said by him in the case of *Grubb* v. *Kolb,* 55 *Ga.* 630, where it was held, by two Justices, that, in view of the provisions of the

code, the general rule was that a defendant, when sued on the common-law side of the court, should avail himself of all defenses, both legal and equitable, that were then known to him, or he would be thereafter concluded from taking advantage of the same. In 1882 it was distinctly held that the defendant is in diligence bound to plead to an action at law every defense, legal or equitable, which he may have to such action. *Brown* v. *Boynton,* 69 *Ga.* 754, and cit. See also *Waters* v. *Perkins,* 65 *Ga.* 35. The act of 1884 (Civil Code, § 4838) authorized the defendant in an action at law to obtain by appropriate pleadings all of the equitable relief, ordinary and extraordinary, that was necessary to the maintenance of his defense, and also permitted the making of new parties on the common-law side of the court. The uniform procedure act of 1887, which abolished all distinction between law and equity so far as procedure was concerned, distinctly provided that the defendant, by answer, could obtain all the equitable relief, ordinary or extraordinary, which might be necessary for the maintenance of his defense. Civil Code, § 4839. The purpose of the uniform procedure act of 1887 was to vest in the superior courts the authority to settle in one suit the controversy between the parties, without reference to the question whether the plaintiff's cause of action was legal or equitable, or whether the defendant's defense was one which a court of law would recognize or one which, under the old procedure, would have required the interposition of a court of equity in order to give effect to equitable rights or to enforce equitable remedies, ordinary or extraordinary. When a plaintiff sues a defendant in the superior court, the policy of the law, as indicated by the acts of 1884 and 1887 and kindred legislation, requires the controversy growing out of the cause of action alleged by the plaintiff to be settled in that suit, and that the plaintiff shall not be harassed by other suits growing out of the same controversy, although they are based upon independent claims, legal or equitable, which the defendant might have against the plaintiff in reference to the cause of the controversy. A defendant in a suit in the superior court is bound to set up all defenses that he has to the suit, either legal or equitable, and to pray for all the relief needed in aid thereof, ordinary or extraordinary, and he can not at will decline to litigate as a defendant over these matters and bring an independent suit against his ad-

versary, who has already brought him into court.    The plaintiff in the present suit sets up three distinct and independent claims against the defendant, — estoppel, subrogation, and forgery.    All of these could be pleaded in the suit brought by the defendant against the plaintiff's testator.    The court erred in overruling the demurrer and the motion to dismiss. ·   This vital error at the outset of the case vitiated all subsequent proceedings in the case; and the effect of our judgment is to reverse the judgment of the trial court and dismiss the case.

*Judgment reversed.    All the Justices concur.*