HAMILTON, guardian, *et al.* *v.* FIRST NATIONAL BANK OF ROME *et al.*

No. 10536. JUNE 22, 1935.
ADHERED TO ON REHEARING, JULY 12, 1935.

*Wright & Covington,* for plaintiffs in error.
*Maddox, Matthews & Owens,* contra.

BELL, Justice. On March 20, 1934, Hiles Hamilton, as guardian of Charles C. White, filed in the superior court of Floyd County a trover suit against the First National Bank of Rome to recover 87 bales of cotton as well as the warehouse receipts therefor, as held by the bank. On August 13, 1934, the bank filed in

the superior court of Chattooga County the present suit in equity against Hiles Hamilton as guardian and as an individual, Mrs. Julia May White as former guardian and as an individual, and Charles C. White, praying for an injunction against the further prosecution of the trover suit, and for other relief. Hiles Hamilton, as guardian and individually, filed a general and special demurrer to this petition. The court overruled the demurrer on all grounds, and, after hearing evidence which was in substantial accord with the allegations of the petition, granted an interlocutory injunction. To these judgments Hiles Hamilton, as guardian and as an individual, excepted.

One ground of the demurrer was that the plaintiff had a full, adequate, and complete remedy by pleading to the trover action pending in the superior court of Floyd County. Having reached the conclusion that this ground of the demurrer should have been sustained, we will limit our decision to that question, and will state only such facts as are pertinent thereto. The petition alleged the following: On November 12, 1930, the plaintiff loaned to Charles C. White $2500, taking as collateral security the warehouse receipts referred to in the trover suit. There is now due to the plaintiff upwards of $2500 on account of this loan. The amount borrowed by Charles C. White was immediately applied by him as a part of the purchase-price of described real estate situated in the city of Rome. Charles C. White went at once into possession of such real estate and remained in such possession until the purported appointment of Hiles Hamilton as guardian on July 6, 1932. From that date until the filing of the present suit Hiles Hamilton, as guardian, has held possession of such property, receiving the rents and profits therefrom. It is now claimed by Hiles Hamilton, as purported guardian, that the said Charles C. White had been adjudged incompetent in the court of ordinary of Chattooga County, Georgia, in the year 1925, and that Mrs. Julia May White, the wife of Charles C. White, had been appointed as guardian at that time; but that Mrs. Julia May White was later removed as such alleged guardian, and Hiles Hamilton claims to have been appointed guardian by the same court of ordinary on June 6, 1932, as stated above. Petitioner charges that both of these appointments were void for jurisdictional defects specifically alleged in the petition. At the time the plaintiff made the loan

to Charles C. White it had no knowledge, suggestion, or intimation of the proceedings in the court of ordinary in Chattooga County by which Charles C. White had been held to be incompetent and by which his wife had been appointed guardian for him, nor did the plaintiff have any knowledge or cause to suspect that Charles C. White was not a man of normal mentality. On the contrary, the plaintiff contracted with him in the usual and ordinary course of business, and in doing so acted in the utmost good faith. The appointment of Hiles Hamilton as guardian was subsequent to this transaction, and, according to the record of file in the court of ordinary of Chattooga County, was made after the court had, on April 7, 1932, revoked the appointment of Mrs. Julia May White because she had been unable to execute a bond with a solvent surety company as security, and for other reasons stated in the present petition. Before the filing of the suit in trover, Hiles Hamilton as guardian made a written demand upon the plaintiff for the cotton receipts and the cotton represented thereby, in which demand it was admitted that said cotton and the warehouse receipts therefor were held by the plaintiff as collateral security for an alleged indebtedness due by said White in approximately the sum of $2500 principal. The demand further recited, however, that at the time of this pledge White was mentally incompetent and had been so adjudged, and a guardian had been appointed for him in the court of ordinary of Chattooga County in the year 1925.

In view of the facts that Hiles Hamilton as purported guardian has held continuous possession of the property purchased by Charles C. White in part with the money loaned to him by the plaintiff and has received the rents and profits from said property, the suit in trover to recover the collateral can not now be maintained, and in good conscience and equity ought not to be permitted to proceed until the guardian has first made an accounting to the plaintiff by paying to it the balance due upon such loan. The plaintiff makes such contention regardless of the validity or invalidity of the appointments of the guardians respectively. By reason of these and other facts stated, each of the purported guardians should be held to have ratified the transaction between the plaintiff and Charles C. White. The petitioner further alleges a ratification by White himself during a lucid interval. But even if this and its other contentions should be denied, "then petitioner insists that the prop-

erty purchased wholly or in part with its money so loaned to the said Charles C. White should be sold, and that its debt should be paid out of the proceeds arising from a sale thereof, or else that a trust should be imposed upon said property for the benefit of petitioner to the extent of the amount now owing to it by said Charles C. White by reason of the transactions hereinbefore referred to." Under all the circumstances hereinbefore referred to, the plaintiff "insists that it can not protect all of its rights, and can not properly and efficiently set up all of its contentions in an answer and defense in said trover suit; that it has no adequate and complete remedy at law; and in order to avoid a multiplicity of suits and to protect and assert all of its rights, it is necessary to appeal to a court of equity for relief." The following were the prayers: "That petitioner have and recover judgment against said Charles C. White for the sum of $2546.98 principal, with interest thereon at the rate of 8% per annum from and after January 1, 1932, and that petitioner be declared to have a first and special lien upon said cotton and cotton receipts. . . That the order of the ordinary of said county, dated July 6, 1925, purporting to appoint Mrs. Julia May White as guardian of the person and property of said Charles C. White, be declared to be null, void, and of no effect. . . That the order of the ordinary of said county, dated June 6, 1932, purporting to appoint Hiles Hamilton as guardian of the property of said Charles C. White, be declared to be null, void, and of no effect." The petition also prayed for injunction against further prosecution of the trover action by Hiles Hamilton as guardian; that a receiver be appointed to take charge of and sell the cotton and to hold the proceeds subject to the further order of the court; that the receiver be required to pay to the plaintiff the sum now due to it on the loan made to Charles C. White; that the receiver be further authorized to take charge of the real estate referred to in the petition, and, if the indebtedness to the plaintiff is not paid out of the proceeds of the cotton, then that such real estate be sold and the proceeds thereof be applied upon such indebtedness; and that petitioner have such other and further relief as the court may deem proper in the premises.

In *Northeastern Railroad Co.* v. *Barrett*, 65 *Ga.* 602, it was held that injunction will not be granted to restrain an action at law, where the grounds urged therefor can as readily be set up as a de-

fense to such action. In the opinion it was said: "The concurrent jurisdiction of the two courts has been greatly enlarged, and the court first taking therefore will retain it, unless a good reason can be given for the interference of the other." Several cases were cited in support of this statement. Such was the law even before the passage of the procedure acts of 1884 and 1887. In dealing with the present case two important facts must be remembered: (1) The trover suit was not brought in a city court or a court without equity jurisdiction, but was filed in the superior court of Floyd County, which is vested with equitable jurisdiction; (2) The present proceeding is an independent action, and is not an answer, plea, or cross-action to the suit in trover. "The superior courts, on the trial of any civil case, shall give effect to all the rights of the parties, legal or equitable, or both, and apply on such trial remedies or relief, legal or equitable, or both, in favor of either party, such as the nature of the case may allow or require." Code of 1933, § 37-901 (Ga. L. 1887, p. 64). "A defendant to any suit or claim in the superior court, whether such suit be for legal or equitable relief, may claim legal or equitable relief, or both, by framing proper pleadings for that purpose, and sustaining them by sufficient evidence." Code of 1933, § 37-905 (Ga. L. 1884-5, p. 36). "Any defendant may also, by proper pleadings and sufficient evidence, obtain the benefit of extraordinary remedies allowed in equitable proceedings by the superior court or by the judge thereof exercising equity jurisdiction, at such times and on such terms as such remedies are granted by said court or by said judge exercising equity jurisdiction." Code of 1933, § 37-906 (Ga. L. 1884-5, p. 36). "Whenever any extraordinary relief or remedy as known in equity is claimed in aid of any action or defense, the same may be claimed from the superior courts or judges thereof either in the original petition and answer, or by amendment thereto by special petition and pleading for that purpose." Code of 1933, § 37-907 (Ga. L. 1887, p. 64). "The superior court may require proper and sufficient pleadings when any equitable claim or defense is presented." Code of 1933, § 37-908 (Ga. L. 1884-5, p. 36). "Any person claiming equitable relief may make all necessary parties to secure equitable relief, either at the beginning of his suit or afterwards by amendment. Any defendant may also, if it is necessary to secure complete relief, make necessary

parties." Code of 1933, § 37-1005 (Ga. L. 1884-5, p. 36). These statutes made radical changes in the law relating to procedure. Compare *McMillan* v. *Spencer*, 162 *Ga.* 659 (134 S. E. 921). In *McCall* v. *Fry*, 120 *Ga.* 661 (48 S. E. 200), it was held: "Since 1887 a defendant in a suit in the superior court is bound to set up by answer every matter of a purely defensive nature relating to the cause of controversy set forth in the plaintiff's petition, whether such matters relate to legal or equitable defenses, and, if of the latter character, whether their recognition and enforcement depend upon the granting of affirmative equitable relief in the exercise of the ordinary or extraordinary powers of the court. Hence a defendant in a suit to recover land, who relies upon equitable estoppel, equitable subrogation, and the equitable remedy of cancellation to sustain his claim to the land and defeat the plaintiff's right to recover upon the title relied on by him, must set up these matters by answer in the suit of his adversary, and will not be allowed to file an independent suit in the same court, setting up such matters and asking that the action of his adversary be enjoined." In *Reynolds Banking Co.* v. *Southern Pacific Guano Co.*, 140 *Ga.* 498 (79 S. E. 132), it was held: "Equity will not enjoin the prosecution of an action at law because of certain matters which, if defensive to the right asserted in the action at law, are as much available as a defense in that action as in the equitable action." The Code also provides: "A petition in the nature of a cross-bill need not be filed. The defendant in every case may set up in his answer any matter which, under the English practice, should be the subject of a cross-bill, and may require therein any discovery from the petitioner he may desire. If new parties are necessary, by reason of any matter thus set up in the answer, the court shall give such direction to the cause, to secure a hearing to such parties, as if a petition in the nature of a cross-bill had been filed." Code of 1933, § 81-106 (Ga. L. 1857, p. 107). How stands the present case, in the light of these principles?

1. If the orders purporting to appoint the guardians respectively for Charles C. White were void for jurisdictional defects, as contended by the plaintiff, these facts can be pleaded as effectually in defense to the trover action as in the present suit. Code of 1933, § 110-709; *Stewart* v. *Patterson*, 152 *Ga.* 754 (111 S. E. 421). So also, if the facts were such that the transaction could

be ratified, and if this was done, such ratification may be asserted with equal force as a defense to the trover action. *Bunn* v. *Postell,* 107 *Ga.* 490 (33 S. E. 707).

2. The trover action was filed only by Hiles Hamilton as guardian. The suit in equity, however, was brought against Hiles Hamilton as guardian and others; and it is contended that the latter suit is maintainable because it was necessary to bring in the additional parties. This might have been true before the act of 1884; but in the present state of the law a defendant may, "if it is necessary to secure complete relief, make necessary parties." Code of 1933, § 37-1005; *Malsby* v. *Young,* 104 *Ga.* 205 (2), 211 (30 S. E. 854).

3. The plaintiff contends that in no event can the trover suit be prosecuted without a restoration of the status; but that even if this contention should be denied, the real estate purchased wholly or in part with the money loaned by it to Charles C. White should be sold and the proceeds applied on the plaintiff's debt, or else that a trust should be imposed upon such real estate for the benefit of the plaintiff to the extent of such indebtedness. If it be true that the trover suit can not proceed without a tender or restoration, this would be a good direct reply to the trover action. See, in this connection, *Joiner* v. *Southern Land Sales Cor.,* 158 *Ga.* 752 (5) (124 S. E. 518); *Woolley* v. *Gaines,* 114 *Ga.* 122 (39 S. E. 892, 88 Am. St. R. 22); *Atlanta Banking & Savings Co.* v. *Johnson,* 179 *Ga.* 313 (175 S. E. 904).

4. But the plaintiff has made Charles C. White a party defendant and is seeking a judgment against him for the amount of its debt; and, as indicated in the preceding division, the plaintiff contends that even if the transaction was void, it is entitled to a decree establishing a trust against the real estate for the sum furnished by the plaintiff and applied by White in the purchase of such property. Under the facts alleged, if the plaintiff is entitled to prevail on either of these claims, the relief could be had by the way of an equitable cross-action in the trover suit, with proper parties. Code of 1933, § 81-106; *Mallory* v. *Cowart,* 90 *Ga.* 600 (16 S. E. 658); *Malsby* v. *Young,* supra; *Ray* v. *Home &c. Investment Co.,* 106 *Ga.* 492 (3) (32 S. E. 603); *Latimer* v. *Irish-American Bank,* 119 *Ga.* 887 (2) (47 S. E. 322); *Hardman* v. *Barrow,* 147 *Ga.* 617 (95 S. E. 209); *Usry* v. *Hines-Yelton Lumber*

*Co.*, 176 *Ga.* 660 (1*b*) (168 S. E. 249) ; *Moore* v. *Atlanta Joint Stock Land Bank,* 176 *Ga.* 697 (7) (168 S. E. 558).

The maintenance of the present suit would have the effect of changing the venue from that correctly chosen for the trover action, and of forcing the plaintiff in that suit to litigate in a different forum the several matters herein alleged, when all of them, so far as they may contain merit, could have been pleaded by answer or cross-action in the trover case. Whatever may be the substantive rights of the parties, the allegations in the instant petition do not show any necessity for such independent suit in equity, and the court erred in not sustaining the demurrer and dismissing the petition upon this ground. . It necessarily follows that it was improper to grant an interlocutory injunction. Cf. *Gunn* v. *Woolfolk,* 66 *Ga.* 682 (6) ; *Mallory* v. *Cowart,* supra.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent, and Gilbert, J., absent.*