## GEORGIA POWER COMPANY *v.* MAYOR, &c. OF ATHENS.

No. 16984. FEBRUARY 14, 1950.

*Eugene A. Epting* and *Erwin, Nix & Birchmore*, for plaintiff.
*Robert G. Stephens Jr., John L. Green, James Barrow,* and *Edwin Fortson,* for defendant.

WYATT, Justice. "The superior courts, on the trial of any civil case, shall give effect to all the rights of the parties, legal or equitable, or both, and apply on such trial remedies or relief, legal or equitable, or both, in favor of either party, such as the nature of the case may allow or require." Code, § 37-901. "Any person claiming equitable relief may at any time, in aid of his suit, apply for and obtain, by proper pleading and proof, any of the extraordinary remedies known in equity, or such as are or may be granted by the judge of the superior court exercising equity jurisdiction, upon the same terms and conditions as are now granted in equitable proceedings." § 37-904. "A defendant to any suit or claim in the superior court, whether

such suit be for legal or equitable relief, may claim legal or equitable relief, or both, by framing proper pleadings for that purpose, and sustaining them by sufficient evidence." § 37-905. "Any defendant may also, by proper pleadings and sufficient evidence, obtain the benefit of extraordinary remedies allowed in equitable proceedings by the superior court or by the judge thereof exercising equity jurisdiction, at such times and on such terms as such remedies are granted by said court or by said judge exercising equity jurisdiction." § 37-906. "Whenever any extraordinary relief or remedy as known in equity is claimed in aid of any action or defense, the same may be claimed from the superior courts or judges thereof either in the original petition and answer, or by amendment thereto by special petition and pleading for that purpose." § 37-907.

This court, in *McCall* v. *Fry*, 120 *Ga.* 661-663 (48 S. E. 200), said: "The purpose of the uniform procedure act of 1887 was to vest in the superior courts the authority to settle in one suit the controversy between the parties, without reference to the question whether the plaintiff's cause of action was legal or equitable, or whether the defendant's defense was one which a court of law would recognize or one which, under the old procedure, would have required the interposition of a court of equity in order to give effect to equitable rights or to enforce equitable remedies, ordinary or extraordinary. When a plaintiff sues a defendant in the superior court, the policy of the law, as indicated by the acts of 1884 and 1887 and kindred legislation, requires the controversy growing out of the cause of action alleged by the plaintiff to be settled in that suit, and that the plaintiff shall not be harassed by other suits growing out of the same controversy, although they are based upon independent claims, legal or equitable, which the defendant might have against the plaintiff in reference to the cause of the controversy. A defendant in a suit in the superior court is bound to set up all defenses that he has to the suit, either legal or equitable, and to pray for all the relief needed in aid thereof, ordinary or extraordinary, and he can not at will decline to litigate as a defendant over these matters and bring an independent suit against his adversary, who has already brought him into court." See also *Hamilton* v. *First National Bank of Rome*, 180 *Ga.* 820 (180 S. E. 840), and cases there cited.

The case of *Peterson* v. *Lott,* 137 *Ga.* 179 (73 S. E. 15), cited and relied upon by the plaintiff in error, differs on its facts from the instance case. There the relief sought by way of cross-bill was based upon a state of facts that did not exist at the time the cause of action alleged by the plaintiff's petition had accrued, and would in no way affect his right to recover. Neither would it in any way affect the amount of the recovery by the plaintiff. The court there properly held that the subject-matter of the cross-bill did not grow out of the original suit, and was therefore not germane. In the instant case, every contention made by the power company grows directly out of the rental contract, by virtue of which the power company obtained possession of the property belonging to the city, and which is the subject-matter of the suit for rent sought to be enjoined. All the alleged facts upon which the power company bases its petition in the instant case existed at the time the suit for rent was instituted, and, if the contentions of the power company can be maintained, will very materially affect the right of the city to recover rent.

The suit to collect rent, sought to be enjoined, is pending in a superior court, in fact, the very court to which the petition in the instant case is addressed. If the power company is entitled to any of the relief sought in its petition—and this we do not now pass upon—the relief can be and should be obtained by appropriate pleadings in the case sought to be enjoined. The Uniform Procedure Act was intended to cover just such a situation as is here presented. It follows, there is no error in the judgment sustaining the general demurrer.

*Judgment affirmed. All the Justices concur.*