CLAY *v.* SMITH.

No. 17342. FEBRUARY 13, 1951.

*Thomas W. Johnson* and *J. Douglas Carlisle*, for plaintiff.
*Miller, Miller & Miller*, for defendant.

ALMAND, Justice. Under the view we take of the case, it is unnecessary for us to pass upon the contention of the defendant that the auditor's rulings on the special demurrers, in the absence of exceptions pendente lite, and the plaintiff's election to file an amendment, became the law of the case. The rulings on the special demurrers were set out in the auditor's report, and exceptions to these rulings were filed by the plaintiff, to which no objections were made by the defendant. The trial judge considered and passed upon these exceptions as being properly made, and in our view of the case we will follow the

pattern set by the judge. Our main concern is not so much as to how the defendant won the skirmish, but as to why the plaintiff lost the battle.

■ The ultimate finding of the auditor was that the petition as amended was subject to dismissal on general demurrer. If for any reason the petition as amended was subject to such demurrer—whether upon reasons determined by the auditor or others not enumerated (*Crittenden* v. *Southern Home Building & Loan Assn.*, 111 *Ga.* 266 (5), 36 S. E. 643)—it would not be error for the trial court to approve the finding of the auditor and dismiss the petition as amended. "Where a demurrer containing both general and special grounds is sustained, the judgment must be affirmed if the petition was subject to any of the grounds of the general demurrer." *Interlochen Estates* v. *Bank of Atlanta*, 206 *Ga.* 570 (2) (57 S. E. 2d, 924). See also *Hopkins* v. *Kidd*, 192 *Ga.* 791 (16 S. E. 2d, 570); *Grace* v. *Interstate Bond Co.*, 193 *Ga.* 810 (20 S. E. 2d, 131).

■ The barriers, legal and equitable, to Clay's maintenance of this action appear from his petition. All of the many claims that Clay asserts against Smith in the present action stem from the contract between the parties, whereby Smith contracted to build a dam and make other improvements on Clay's property, and Clay agreed to pay Smith the cost of the dam and other improvements, plus 10% of such cost, and executed to him a loan deed conveying Clay's property to Smith as security for the payment of such sums. Subsidiary to, but independent of, this contract, Clay and Smith entered into a partnership agreement as to the operation of the premises after the improvements had been made, and Clay leased the property to the partnership. It is alleged in the petition that it was agreed that the cost of construction of the sanitary connections to the building incurred by Smith would be paid by Clay, and that he did pay Smith, by including in the note now being sued on by Smith the sum of $1400. The plaintiff further alleges in his petition:

"There is now pending in this court a suit on a note by the defendant herein against the petitioner herein, said suit being docketed as Number 12944. To this suit your petitioner has filed his answer setting up an affirmative defense in which he alleges that defendant is indebted to him in a sum considerably

larger than defendant's claims. Petitioner's claim in that proceeding as well as the note on which the defendant is suing arose out of this same general plan between the parties to develop and operate a negro recreational place. The defenses and the prayer for judgment against defendant in that suit are dependent upon an accounting of the partners in the operation of the partnership. That proceeding should be a part of this suit, and petitioner is asking that suit Number 12944 in this court be made a part of this proceeding and all issues therein be tried in this suit in order to avoid a multiplicity of suits, and that plaintiff, G. C. Smith, in that suit be enjoined from proceeding on it. . . As set forth in said suit Number 12944, said partnership is indebted to petitioner in the sum of $2000 as salary and $900 rent, or a total of $2900, of which sum defendant is liable for $1450, and petitioner is asking judgment against himself and defendant, G. C. Smith, in the sum of $2900."

It is clear from these allegations and prayers that Clay is now seeking to set up, by an independent proceeding, claims. and defenses that could be asserted in the pending suit, in the same court, of the defendant against the plaintiff. Under the Uniform Procedure Acts of 1884 and 1887, now embodied in Code §§ 37-901, 37-902, 37-905, 37-906 and 37-907, the plaintiff in this case could by answer and cross-petition assert his claims for legal and equitable relief in the pending action against him by Smith that he is now seeking to do in this action. The purpose of the aforementioned Code sections is to vest in the superior court authority to settle in one suit a controversy between the parties. In the pending suit of *Smith* v. *Clay*, the latter is bound to set up all defenses that he has to the suit, either legal or equitable, and pray for all relief needed in aid thereof, ordinary and extraordinary. "He can not at will decline to litigate as a defendant over these matters and bring an independent suit against his adversary, who has already brought him into court." *McCall* v. *Fry*, 120 *Ga.* 661, 663-64 (48 S. E. 200). Every contention made in the present action flows from the agreement between the parties as to the building of the dam and other improvements made by the defendant; and the subject-matter of the pending suit is a note executed by the plaintiff as payment for certain improvements made by the

**614**

defendant in executing the building contract. If the plaintiff is entitled to any of the relief sought in his petition—and this we do not pass upon—such relief can and should be asserted in the action sought to be enjoined. *Georgia Power Co.* v. *Mayor &c. of Athens,* 206 *Ga.* 513 (57 S. E. 2d, 573). See also *Becker* v. *Donalson,* 133 *Ga.* 864 (7) (67 S. E. 92); *Reynolds Banking Co.* v. *Southern Pacific Guano Co.,* 140 *Ga.* 498 (79 S. E. 132); *Hamilton* v. *First National Bank of Rome,* 180 *Ga.* 820 (180 S. E. 840).

■ For the foregoing reasons, it was not error for the trial judge to approve the finding of the auditor that the petition as amended was subject to dismissal on general demurrer, and to enter an order dismissing the case.

*Judgment affirmed. All the Justices concur.*