CASHIN *et al.* v. MARKWALTER *et al.*

CANDLER, Justice. On December 26, 1931, the legal representatives of Henry J. Markwalter, deceased, made a distribution of his estate in kind and delivered to his five children, Clarence L. Markwalter, Harry J. Markwalter, N. R. Cashin, L. M. Shurley, and G. E. Markwalter, three separate parcels of realty in Richmond County, Georgia, which they have since owned and now own jointly and equally; and which, since so acquired, have been controlled, managed, and cared for exclusively by Clarence L. Markwalter and Harry J. Markwalter for all of the joint owners. On March 2, 1951, N. R. Cashin, L. M. Shurley, and G. E. Markwalter gave the remaining two cotenants statutory notice that they would on a given date apply to the Superior Court of Richmond County for a writ of partition as to a designated one of the three tracts so jointly owned. Subsequently, Clarence L. Markwalter and Harry J. Markwalter instituted this litigation against

the other three co-owners, and prayed that they be enjoined from proceeding further with their application to partition in law one of the tracts only; that they be required to account to the plaintiffs for the value of the services which they had rendered to the joint owners in managing and caring for the common property; that the defendants be required to specifically perform a lease contract which they had agreed to make with the plaintiffs respecting one of the three tracts; that all of the tracts be partitioned in equity; and that a reasonable allowance for counsel fees for the prosecution of the instant case in equity be made by the court. The trial judge overruled general and special demurrers to the petition, as amended, and the exception is to that judgment. *Held*:

1. Under the Code § 85-1504, an application to partition lands between tenants in common may be instituted at law, or it may be brought in equity whenever the remedy at law is insufficient or peculiar circumstances render the proceeding in equity more suitable and just. Code § 85-1501. But, unless for some special reason equitable jurisdiction is applicable, a party seeking the writ of partition is required to resort to the remedy afforded by the statute. *Werner* v. *Werner,* 196 *Ga.* 1 (25 S. E. 2d, 676, 146 A. L. R. 1263). See *Newton Mfg. Co.* v. *White,* 47 *Ga.* 400, 404. And it is well settled that equity will not enjoin the proceedings and processes of a court of law in the absence of some intervening equity or other proper defense of which the party, without fault on his part, can not avail himself at law. *Peeples* v. *Peeples,* 193 *Ga.* 358 (3) (18 S. E. 2d, 629); *Alford* v. *Alford,* 198 *Ga.* 424 (31 S. E. 2d, 785); *Georgia Power Co.* v. *Mayor &c. of Athens,* 206 *Ga.* 513 (57 S. E. 2d, 573). Under the Uniform Procedure Acts of 1884 and 1887, as now embodied in the Code, Chapter 37-9, the plaintiffs in this case could by answer and cross-action assert their claims for legal and equitable relief in the pending statutory partition proceeding; and, consequently, they are not permitted under pleading rules to bring an independent suit in equity for the purpose of obtaining partitionment of the common property. *Clay* v. *Smith,* 207 *Ga.* 610 (63 S. E. 2d, 603); *Hamilton* v. *First National Bank of Rome,* 180 *Ga.* 820 (180 S. E. 840); *McCall* v. *Fry,* 120 *Ga.* 661 (48 S. E. 200). Accordingly, the petition as amended alleges no sufficient reason why the defendants' partition proceeding at law should be enjoined.

2. The need for an accounting is asserted only by the plaintiffs, although the petition as amended alleges affirmatively that the plaintiffs, rather than the defendants, have managed the common property and collected the rents. In an itemized and detailed statement of receipts and disbursements, as added to the petition by amendment, it is shown that the plaintiffs have received during the years, 1947, 1948, 1949, 1950, and up to June 15, 1951, from rents, after a 5% real-estate commission was deducted, a total of $30,904.16; that they have paid out for repairs, taxes, and insurance $7,630.39; that they have disbursed in equal payments to the five tenants in common, of which they are two, a total of $20,669.70; and that there remains in the hands of the plaintiffs an undistributed balance of $2,604.07. While there are some general allegations in the petition to the effect that the plaintiffs are entitled to reasonable compensation for their services in caring for and

managing the common property, however, no agreement between the tenants in common to pay for such services is alleged, and the accounting statement exhibited by the plaintiffs negatives the existence of any such agreement, since it shows that at the end of each year, including 1950, payment of the surplus of income, after deducting expenses, was made to the tenants in common in equal parts, without any charge for services rendered by the plaintiffs to the other tenants in common or demand therefor. Under such allegations, the petition as amended fails to state a cause of action either for an accounting or for the recovery of compensation for services rendered.

3. The prayer for specific performance is based upon an alleged option which reads: "30 days from Jany 17, 51 Option on 1001 Broad Street for 2 years at $225.00 mo. July 1st 1951 to July 1st 1953. [s] G. E. Markwalter, N. R. Cashin, L. M. Shurley, C. L. Markwalter, Henry J. Markwalter." A contract purporting to create the relation of landlord and tenant for a longer time than one year is required by the statute of frauds to be in writing. Code, § 20-401; *Hotel Candler* v. *Candler,* 198 *Ga.* 339 (31 S. E. 2d, 693); *Killian* v. *Cherokee County,* 169 *Ga.* 313 (150 S. E. 158); *Byrd* v. *Piha,* 165 *Ga.* 397 (141 S. E. 48). And when writings are relied upon to take a transaction out of the statute of frauds, they must be complete within themselves, and they must contain the entire agreement, must disclose the subject matter, the parties thereto, and all the terms of the undertaking. *F. & W. Grand &c. Stores* v. *Eiseman,* 160 *Ga.* 321 (1) (127 S. E. 872). Such writings "must in some way indicate or show who are the parties to such an agreement or contract—'not only who is the promisor, but who is the promisee, as well.'" *Oglesby Grocery Co.* v. *Williams,* 112 *Ga.* 359 (37 S. E. 372). A court of equity will not decree specific performance of a contract which is indefinite and uncertain in any material provision (*Erwin* v. *Hardin,* 187 *Ga.* 275, 200 S. E. 159); or where the parties are not specified (*Muller* v. *Cooper,* 165 *Ga.* 439, 141 S. E. 300); or where, in case of lands or interest in lands, the description thereof, or key found therein, is insufficient to identify the same. *Molton* v. *Woodruff,* 175 *Ga.* 168 (165 S. E. 59). In the last-cited case, it was said: "A contract of sale and purchase in which the property is described as a 'house and lot known as 290 Hillyer Ave. (on cor. Hillyer and Napier Ave.)' is so vague and indefinite as not to be enforceable by a decree for specific performance." In the instant case, the purported option for two years does not designate who are the optioners or the optionees. The only description given of the property is "1001 Broad Street," without any city, county, state or territorial designation being shown by caption or otherwise; and it is within the range of possibility that there is a Broad Street with a place on it having that particular number in various cities and towns of this or other States. But if it could be said, as the plaintiffs contend, that the option is sufficient to bind the parties, the allegations of the petition, as amended, fail to show a proper effort on the part of the plaintiffs to exercise it within the option period of thirty days, which was, of course, necessary before a court of equity would be authorized to grant the extraordinary relief of specific performance. See *Mangum* v. *Jones,* 205 *Ga.* 611 (54 S. E. 2d, 603). As to this, the petition as amended is

completely silent in allegation respecting any effort by the plaintiffs to have two of the defendants sign a rent contract for the property purportedly covered by the option; and a proposed contract for such purpose, as mailed to the remaining defendant, which contract he declined to sign, was admittedly in the reverse as to parties. For both of the reasons stated above, it seems very clear to us that the petition as amended failed to state a cause of action for specific performance.

4. In a proceeding at law to partition land, the applicants are not entitled to have fees awarded to their counsel from the common fund, thus requiring their cotenants to contribute to the payment of such fees (*Neal* v. *Neal,* 140 *Ga.* 734, 79 S. E. 849); but, in an equitable proceeding for partitionment and for other relief, an allowance for attorneys' fees may be made by the court from the common fund (*Keating* v. *Fuller,* 151 *Ga.* 66, 105 S. E. 844; *Werner* v. *Werner,* supra); yet a pending proceeding at law to partition land will not be enjoined merely for the purpose of allowing an award of such fees by an independent proceeding, it not otherwise appearing that there is a necessity for equitable partitionment of such lands.

5. The petition as amended failed to state a cause of action for any of the relief sought, and the trial court, therefore, erred in overruling a general demurrer interposed thereto.

*Judgment reversed. All the Justices concur.*

No. 17587. Argued September 11, 1951—Decided October 10, 1951.

*Wilmer D. Lanier, Fulcher & Fulcher,* and *Gould B. Hagler,* for plaintiffs in error.

*Congdon, Harper & Leonard,* contra.