VAUGHAN *et al. v.* VAUGHAN.

No. 18149.   SUBMITTED MARCH 9, 1953—DECIDED APRIL 13, 1953.

*J. B. Langford* and *Ingram & Tull*, for plaintiffs in error.

*Jefferson L. Davis, Wood & Tallant, Davis & Cullens* and *Pittman & Greene*, contra.

DUCKWORTH, Chief Justice. The decisive question upon which all other issues must turn is the ownership of the lands involved. It plainly appears from the allegations of the petition that in one of the Bartow County cases this issue is between Dave N. Vaughan and Wylie Vaughan, and that none of the other parties here had any interest or claim in any of the issues there made. The other Bartow case is between all of the petitioners here and the defendant and relates to separate and distinct tracts of land. Manifestly, therefore, all evidence relevant to one of those cases would be wholly irrelevant to the other. The judgment in the case against Wylie Vaughan can have no legal effect, adversely or otherwise, upon the rights or liabilities of his mother, brother, and sisters who are the other parties here. If, as is contended in the present petition, Wylie Vaughan is the owner of the tract of land in the suit against him in Bartow County, he could not be required to account for any rents therefor, and a proper defense to that suit would require an adjudication of the issue as to the ownership thereof. Likewise, as to the other suit in Bartow Superior Court, if the petitioners here are, as they allege, the owners of the land therein involved, they could so plead as a defense, and an adjudication sustaining that plea would relieve them of any liability to account for rent. Therefore, it is apparent that the entire basis here alleged for recovery could be set forth as defenses to those actions and all rights of the parties could there be adjudicated.

It is a recognized rule of law that one may not refuse to file a defense to a pending suit against himself and then proceed to bring another action setting forth as grounds for recovery matters that should be pleaded as a defense to the pending suit. This rule was set forth by this court in *McCall* v. *Fry*, 120 *Ga.* 661, 663 (48 S. E. 200), wherein it said: "A defendant in a suit in the superior court is bound to set up all defenses that he has to the suit, either legal or equitable, and to pray for all the relief needed in aid thereof, ordinary or extraordinary, and he can not at will decline to litigate as a defendant over these matters and bring an independent suit against his adversary, who

has already brought him into court." See also *Hamilton* v. *First Nat. Bank of Rome,* 180 *Ga.* 820 (180 S. E. 840); *Citizens & Southern Bank of Thomaston* v. *Barron,* 181 *Ga.* 351 (181 S. E. 859); *State Highway Department* v. *H. G. Hastings Co.,* 187 *Ga.* 204 (199 S. E. 793, 133 A. L. R. 1); *Moore* v. *Robinson,* 206 *Ga.* 27 (55 S. E. 2d, 711); *Clay* v. *Smith,* 207 *Ga.* 610 (63 S. E. 2d, 602); *Cashin* v. *Markwalter,* 208 *Ga.* 444 (67 S. E. 2d, 226).

It is stated in briefs of counsel for the plaintiffs in error that opposing counsel cited *Cashin* v. *Markwalter,* supra, and that the judgment of the lower court was predicated largely upon that decision. It is insisted by counsel that that decision is not controlling here. It should be noted however, that that case involved an action for partitioning and accounting, and it was held that a second suit could not be maintained. There the parties were apparently the same and all claimed an interest in the land sought to be partitioned, while here Wylie Vaughan is the only one of these petitioners that claims any interest in one of the tracts of land, and in this respect there is a stronger legal reason for disallowing this second suit than existed in the *Cashin* case.

But it is contended by counsel for the plaintiffs in error that all of the petitioners cultivated as a unit the three tracts of land involved in the Bartow court, and, for this reason, an accounting will be difficult and each of the petitioners has an interest in and will be affected in some manner by the accounting by Wylie Vaughan for the rents and profits involved in the suit pending against him alone. Such argument is illogical and has no basis in fact. Unquestionably, a recovery in the Bartow Superior Court suit against Wylie Vaughan would in nowise affect the defendants named in the other suit, nor would a recovery against the mother and her children in the suit against them affect in any manner the issues involved in the suit against Wylie alone. Therefore, no reason whatever exists for confusing, in the present suit, the separate issues relating to separate tracts of land and affecting different persons involved in the two cases.

The further argument is here advanced that the present action will avoid a multiplicity of actions, and, for this reason, is au-

thorized under the law. To so contend is to misinterpret the rule allowing consolidation of suits to avoid a multiplicity of actions to make it embrace a reduction of the number of independent suits on separate issues and affecting different parties. Of course, the number of suits triable at a given term could be reduced by consolidating all pending suits into one, but such mixing of issues and parties would accomplish no good and would, on the contrary, work all manner of evil in rendering more difficult a discovery of the truth and administration of justice. There is nothing in the present petition which takes it out of the general rule that a party sued may not refuse to file his defense and bring another action setting forth grounds that would constitute a proper defense to the pending action. Accordingly, the court did not err in sustaining the plea in abatement and in dismissing the petition.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*