19745. EARNEY *v.* OWEN *et al.*

Argued June 10, 1957—Decided July 3, 1957.

*A. J. Henderson, Marion T. Pope, Jr.*, for plaintiff in error.
*William Butt, Herman J. Spence, John S. Wood*, contra.

CANDLER, Justice. (After stating the foregoing facts). Code § 85-1609 provides that when an adjoining landowner, who is dissatisfied with the return of land processioners, files his protest thereto with the ordinary, and the proceeding is transmitted to the superior court, the case is to be docketed and tried in the "same manner and under the same rules as other cases." The protest, like any other defensive pleading, may be amended at any stage of the cause. *Watson* v. *Bishop*, 69 *Ga.* 51 (2); *Rattaree* v. *Morrow*, 71 *Ga.* 528 (2b). And the issue on the trial of a protest to the processioners' return is not necessarily confined to the question of whether the line as marked by them should be sustained, but it is permissible for the protestant to obtain a verdict setting up the line as declared in his protest, if the evidence shall so warrant. *Stewart* v. *Jackson*, 144 *Ga.* 501 (3) (87 S. E. 656); *McCollum* v. *Thomason*, 33 *Ga. App.* 160 (1) (122 S. E. 800), and the cases there cited. The present action is, of course, independent of the processioning proceeding which is now pending in the same court between the same parties, and in *Clay* v. *Smith*, 207 *Ga.* 610 (63 S. E. 2d 602), it was by headnote 2 unanimously held: "A defendant in a suit in the superior court is bound to set up all defenses that he has to the suit, either legal or equitable, and to pray for all the relief needed in aid thereof, ordinary or extraordinary; and he cannot at will decline to litigate as a defendant over these matters and bring an independent suit against his adversary who has already brought him into court." There, this court held that the plaintiff's independent suit was properly dismissed on general demurrer. For like holdings, see *Hamilton* v. *First National Bank*

*of Rome,* 180 *Ga.* 820 (180 S. E. 840); and *Georgia Power Co.* v. *Mayor &c. of Athens,* 206 *Ga.* 513 (57 S. E. 2d 573), and the cases there cited. But it is here contended that the rule announced in the cases just cited, and those referred to, has no application to a processioning proceeding which has been transmitted to the superior court for trial because of a protest filed to the processioners' return. This position is untenable. "The superior courts, on the trial of any civil case, shall give effect to all the rights of the parties, legal or equitable, or both, and apply on such trial remedies or relief, legal or equitable, or both, in favor of either party, such as the nature of the case may allow or require." Code § 37-901. "A defendant to any suit or claim in the superior court, whether such suit be for legal or equitable relief, may claim legal or equitable relief, or both, by framing proper pleadings for that purpose, and sustaining them by sufficient evidence." Code § 37-905. And Code § 37-904 declares: "Any person claiming equitable relief may at any time, in aid of his suit, apply for and obtain, by proper pleading and proof, any of the extraordinary remedies known in equity, or such as are or may be granted by the judge of the superior court exercising equity jurisdiction, upon the same terms and conditions as are now granted in equitable proceedings." These sections were codified from the Uniform Procedure Acts of 1884 and 1887, and they vest authority in the superior courts of this State to settle in one proceeding all issues growing out of a justiciable controversy between the same parties; and, under these rules of procedure, it is clear to us that the plaintiffs can in the pending processioning proceeding, by proper pleading and proof, obtain all of the relief sought in this independent action. Hence, the petition as a whole should have been dismissed on that ground of the general demurrer which raised the question we have just dealt with. Since the petition should have been dismissed on general demurrer, it is unnecessary to consider the exception to the rulings on the special demurrers.

*Judgment reversed. All the Justices concur.*