20648.   TODD *et al. v.* BIVINS.
20649.   FLEISCHER *et al. v.* BIVINS.

MOBLEY, Justice.   1.   "A petition for specific performance of a contract for the sale of land, is sufficient as against general demurrer, where it is alleged that the contract is in writing, signed by both of the parties, is certain and fair, and is for an adequate consideration and capable of being performed. Code § 37-801; *Clark* v. *Cagle,* 141 *Ga.* 703 (81 S. E. 21, L. R. A. 1915A, 317); *Irvin* v. *Locke,* 200 *Ga.* 675, 676 (38 S. E. 2d 289)." *Scheer* v. *Doss,* 211 *Ga.* 7, 8 (83 S. E. 2d 612).   In this case it is alleged that the contract sought to be specifically performed is in writing, signed by the necessary parties, is certain and fair and for an adequate consideration. As to whether it is capable of being performed, the petition seeks to cancel the deed from Frank J. Fleischer to Robert E. Fleischer on the ground that it is without consideration, and that it was executed as a result of a fraudulent conspiracy between Frank J. Fleischer and his son, Robert E. Fleischer, to defeat the plaintiff's right to the property; and asks that it be canceled and set aside, which can be effected in this proceeding, after which Frank J. and Addie May Fleischer will be in position to perform their contract to convey the property.   The petition alleges a cause of action for specific performance and is not subject to general demurrer on this ground.

2.   The contract in writing for the sale of the land made by Frank J. Fleischer and Addie May Fleischer to Weeks was assignable, and the assignment of the contract by Weeks to the plaintiff vested in him all the rights of Weeks including the right of suit.   See *Evans* v. *Brown,* 196 *Ga.* 634, 639 (27 S. E. 2d 300), and Code sections and cases there cited, and *Mangum* v. *Jones,* 205 *Ga.* 661, 665 (54 S. E. 2d 603).

3.   The petition is not subject to demurrer on the ground that

it is multifarious and duplicitous, or that there is a misjoinder of parties or causes of action. "The defenses of multifariousness and duplicity are not favored by courts of equity. *City Bank of Macon* v. *Bartlett*, 71 *Ga*. 797; *Martin* v. *Brown*, 129 *Ga*. 562, 568 (59 S. E. 302); *Bridges* v. *Donalson*, 165 *Ga*. 228, 231 (140 S. E. 497). 'A bill is not multifarious because all of the defendants are not interested in all of the matters contained in the suit. It is sufficient if each party has an interest in some matter in the suit which is common to all, and that they are connected with the others.' *Blaisdell* v. *Bohr*, 68 *Ga*. 56 (2)." *Mankin* v. *Bryant*, 206 *Ga*. 120, 138 (56 S. E. 2d 447). All the defendants are necessary parties in this case, to effect the prayer of the petition that specific performance of the contract of sale and conveyance of the property to the plaintiff be decreed. Frank J. and Addie May Fleischer signed the contract agreeing to sell to Weeks and executed to him a warranty deed of the property, which was delivered to the defendant Covington, attorney and agent of Dempsey and Todd, doing business as J. L. Todd Auction Company, which deed they refused to deliver to the plaintiff. This deed is outstanding and the petition prays that these defendants be required to deliver it into court with such action as is necessary to place title in the plaintiff. There is an outstanding deed to the property in the hands of Robert E. Fleischer, which the petition seeks to set aside and cancel. The original contract of sale was made to Weeks, who transferred his interest therein to the plaintiff, and he is the grantee in the deed held by Covington. It is clear, therefore, that all the defendants are necessary parties to this action, and that full and complete relief in this equitable proceeding may be granted only where all these parties are before the court. There is a nexus common to all parties. "Where the plaintiffs have a common interest against all of the defendants in a suit as to one or more of the questions raised by it, so as to make them all necessary parties for the purpose of enforcing that common interest, the circumstance of some of the defendants being subject to distinct liabilities in respect to different branches of the subject-matter, will not render the bill multifarious." *City Bank of Macon* v. *Bartlett*, 71 *Ga*. 797 (1), supra. See *Wells* v. *Strange*, 5 *Ga*. 22 (1).

4. While there must be a tender of the purchase price before

equity will decree specific performance of a contract for the sale of land, where, as here, the petition alleges that the defendants, when notified by the plaintiff that he had purchased from Weeks his contract with them for the sale of the property, repudiated the contract, notified him that they had no intention of complying with its terms, and that they would refuse to accept the tender of any money under the contract, the tender is waived. *Finney* v. *Blalock*, 206 *Ga.* 655, 660 (3) (58 S. E. 2d 429), and cases cited.

5. There is no merit in the demurrer alleging laches on the part of the plaintiff in delaying two years in bringing this petition, in view of the allegation in the petition that he has been unable to bring this action for specific performance by reason of an action filed by Weeks against the plaintiff and the two Fleischers, J. L. Todd, and Sproull Dempsey, which litigation involved the issues and parties hereto and which did not terminate until October 9, 1958, in favor of the plaintiff, the court holding that Weeks, having transferred his interest in the contract to the plaintiff, had no right to maintain an action thereon. The plaintiff could not decline to litigate in the suit, in which he had already been brought into court as a defendant, by filing another independent suit. *McCall* v. *Fry*, 120 *Ga.* 661 (48 S. E. 200); *Clay* v. *Smith*, 207 *Ga.* 610 (2) (63 S. E. 2d 602); *Jeffrey McElreath Mfg. Co.* v. *Hill*, 212 *Ga.* 183 (1) (91 S. E. 2d 337). He was not guilty of laches in awaiting the outcome of the pending litigation before filing this action. Furthermore, the petition failed to allege facts showing that there had been such long delay in bringing suit as to make ascertainment of the truth difficult, as required under Code § 37-119.

6. The demurrer of the defendants Todd, Dempsey, and Covington, that no affirmative relief is prayed against them, is without merit since the petition does pray that the outstanding deed from the two Fleischers to Weeks, which is in their possession, be delivered into court for such action as the court may deem necessary to decree title in the plaintiff.

7. There is no merit in the several other demurrers.

*Judgments affirmed. All the Justices concur.*

ARGUED SEPTEMBER 16, 1959—DECIDED OCTOBER 9, 1959.

*Holcomb & Grubbs,* for plaintiffs in error.
*Vernon W. Duncan,* contra.