21048, 21049. JOHNSON v. FULTON COUNTY; and *vice versa.*

DUCKWORTH, Chief Justice. 1. "A defendant can not decline to litigate in a suit in which he has already been brought into court, by bringing another action, since he is bound to set up all defenses in the first suit, either legal or equitable, whether or not they involve the granting of affirmative relief. Code Ch. 37-9; *McCall v. Fry,* 120 Ga. 661 (48 S. E. 200); *Clay v. Smith,* 207 Ga. 610 (63 S. E. 2d 602); *Vaughan v. Vaughan,* 209 Ga. 730 (75 S. E. 2d 545)." *Jeffrey McElreath Mfg. Co. v. Hill,* 212 Ga. 183 (91 S. E. 2d 337). To the same effect see *Martin v. Fulton County,* 213 Ga. 761 (101 S. E. 2d 716).

2. The present petition for a declaratory judgment was filed after the condemnation case had proceeded to an award by the master, payment into court by the condemnor of the amount awarded by the master, judgment decreeing title to the lands described in the petition to be in the condemnor, and appeals by both parties to a jury therein. Every relief sought by this petition pertains to matters involved in the condemnation case, and the court in that case had jurisdiction to adjudicate every question here raised. It follows that the court erred in denying the motion to dismiss the present petition, which was based on the ground that every question raised should be presented in that case. The ruling just made nullifies all rulings complained of in the main bill and all

others in the cross-bill, and, for this reason, we need not consider them but will dismiss the main bill, thereby restoring the parties to all their rights in the condemnation case, unprejudiced by any rulings in this case.

*Judgment reversed on the cross-bill of exceptions; and the main bill of exceptions is dismissed. All the Justices concur.*

ARGUED OCTOBER 10, 1960—DECIDED NOVEMBER 10, 1960—
REHEARING DENIED NOVEMBER 22, 1960.

*Houston White,* for plaintiff in error.

*Harold Sheats, Paul H. Anderson, Martin H. Peabody,* contra.